IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME K. HAMILTON, a.k.a., <br> CHEIKH AHMED ELOHIM, <br> <br> Plainitff, <br> <br> v. <br> <br> CATHY L. GUESSFORD, REBECCA <br> MCBRIDE, ROBERT F. SNYDER, <br> THOMAS L. CARROLL, and <br> STANLEY W. TAYLOR, Jr. <br> <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 04-1422-GMS |

**<u>DEFENDANTS' ANSWER TO THE COMPLAINT</u>**

COME NOW the Defendants Cathy L. Guessford, Rebecca L. McBride, Robert F. Snyder, Thomas L. Carroll, and Stanley W. Taylor, by and through the undersigned counsel, and hereby answer the Complaint as follows:

<u>The Parties</u>

1. Admitted.

2. Admitted that Defendant Cathy Guessford was formerly the records supervisor at the Delaware Correctional Center.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

Jurisdiction and Venue

7. This paragraph states a legal argument/conclusion to which no response is required.

8. Admitted.

9. Denied.

Statement of Facts

10. Admitted as to the first and second sentences of this paragraph. The third sentence states a legal argument/conclusion to which no response is required.

11. Admitted.

12. Admitted.

13. Denied, except that it is admitted that in 1987 Hamilton was sentenced to 7 years for conspiracy second and two years for promotion of prison contraband.

14. Admitted that in 1988 Judge Martin reduced the sentence for 0906 to twenty-five years. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

15. This paragraph states a legal argument/conclusion to which no response is required. To the extent that a response is required, the allegations set forth in this paragraph are denied.

16. Denied, except that it is admitted that in 1988 DOC calculated Hamilton's short-time release date as July 17, 1999.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied, except that it is admitted that in 1996 Hamilton's short-time release date was recalculated.

21. Denied, except that it is admitted that in 1996 Hamilton's short-time release date was recalculated as June 11, 2004.

22. Denied, except that it is admitted that the March 21, 1996 status sheet stated Hamilton's short-time release date as June 11, 2004.

23. Denied.

24. Denied that a grievance was filed in May 1999.

25. Denied, except that it is admitted that Hamilton filed a grievance on December 2, 1999.

26. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

27. Objection on the grounds that this paragraph requests information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

28. Denied, except that it is admitted that McBride's March 22, 2000 memorandum stated that the June 11, 2004 release date was correct.

29. Denied.

30. Admitted.

31. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

32. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

33. Admitted.

34. Denied, except that it is admitted that in opposing Hamilton's petition for writ of habeas corpus, respondents submitted the affidavit of Rebecca McBride stating Hamilton's release date as June 11, 2004.

35. Admitted.

36. Denied, except that it is admitted that Hamilton submitted a reply affidavit after the court's June 27, 2000 decision denying his petition for writ of habeas corpus.

37. Denied, except that it is admitted that the court denied Hamilton's June 2000 petition for writ of habeas corpus on June 27, 2000, and the court denied Hamilton's July 13, 2000 and July 27, 2000 petitions for writ of habeas corpus on August 2, 2000, and Hamilton appealed said denial to the Supreme Court.

38. Admitted.

39. See answer to paragraph number 37.

40. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

41. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

42. Denied.

43. Admitted that in April 2001 the Supreme Court affirmed the dismissal of Hamilton's petitions of writ of habeas corpus.  The remaining allegations set forth in this paragraph state legal arguments/conclusions to which no response is required.

44. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

45. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

46. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

47. Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

48. Denied, except that it is admitted that on June 29, 2002 Hamilton filed a petition for post-conviction relief, which was denied on September 23, 2002.

49. Admitted that on January 28, 2003 the Supreme Court remanded the case to the Superior Court. The remaining allegations set forth in this paragraph state legal arguments/conclusions to which no response is required.

50. Admitted.

51. Denied, except that it is admitted that Hamilton filed a petition for writ of habeas corpus on April 4, 2003.

52. Denied as to the first sentence. The second sentence states a legal argument/conclusion to which no response is required.

53. Admitted.

54. Admitted.

55. Admitted.

56. Denied.

57. This paragraph states legal arguments/conclusions to which no response is required. To the extent that a response is required, the allegations set forth in this paragraph are denied.

5

58. Admitted.

59. Denied, except that it is admitted that Hamilton was released on October 3, 2003.

60. Denied.

61. Denied.

Count I

62. Defendants incorporate herein by reference their responses to paragraphs 1 – 61 of the Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

Count II

70. Defendants incorporate herein by reference their responses to paragraphs 1 – 69 of the Complaint.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

Count III

83. Defendants incorporate herein by reference their responses to paragraphs 1 – 82 of the Complaint.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## RELIEF

1. It is specifically denied that Plaintiff is entitled to compensatory damages or punitive damages.

2. It is specifically denied that Plaintiff is entitled to declaratory, injunctive or any other relief.

## AFFIRMATIVE DEFENSES

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Defendants are immune from liability under the Eleventh

Amendment.

6. Defendants are entitled to qualified immunity.

*7.* As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Defendants are entitled to sovereign immunity in their official capacities.

9. Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, the Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to the Defendants.

                                                  STATE OF DELAWARE
                                                  DEPARTMENT OF JUSTICE

                                                  /s/ Eileen Kelly
                                                  Eileen Kelly, I.D. #2884
                                                  Deputy Attorney General
                                                  Carvel State Office Building
                                                  820 North French Street, 6th Floor
                                                  Wilmington, Delaware 19801
                                                  eileen.kelly@state.de.us
                                                  (302) 577-8400
Date: March 15, 2005                          Attorney for Defendants

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on March 15, 2005, she caused the attached *Defendants' Answer to the Complaint* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jerome K. Hamilton
320 East 5th St., Apt. 609
Wilmington, DE 19801

MANNER OF DELIVERY:

___One true copy by facsimile transmission to each recipient

_X_ Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

                                                       /s/ Eileen Kelly
                                                       Eileen Kelly, I.D. #2884
                                                       Deputy Attorney General
                                                       Carvel State Office Building
                                                       820 North French Street, 6th Floor
                                                       Wilmington, Delaware 19801
                                                       eileen.kelly@state.de.us
                                                       (302) 577-8400
                                                       Attorney for Defendants