IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME K. HAMILTON, a.k.a.,<br>CHEIKH AHMED ELOHIM, | )<br>)<br>) | |
| Plainitff, | )<br>) | |
| v. | ) | C.A. No. 04-1422-GMS |
| | ) | |
| CATHY L. GUESSFORD, REBECCA<br>MCBRIDE, ROBERT F. SNYDER,<br>THOMAS L. CARROLL, and<br>STANLEY W. TAYLOR, Jr. | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

COME NOW the Defendants Cathy L. Guessford, Rebecca McBride, Robert F. Snyder, Thomas L. Carroll, and Stanley W. Taylor ("Defendants"), by and through the undersigned counsel, and respond to Plaintiff's Motion for Reconsideration for Appointment of Counsel (D.I. 24) as follows:

1. By Order dated May 27, 2005, this Court denied Plaintiff's Motion for Appointment of Counsel. (D.I. 22).

2. Plaintiff has moved for reconsideration of the Court's order on several grounds. He claims that he needs appointed counsel because the case will require extensive factual investigation and because the case will turn on credibility determinations, which will require expert testimony. These issues were addressed and rejected in the Court's May 27 order.

3.  Plaintiff also presents the new assertion that he cannot represent himself because he has difficulty concentrating and his ability to function has been affected by flashbacks, nightmares and mental health medication. Plaintiff attributes his problems to the time that he spent "illegally and unconstitutionally imprisoned." Plaintiff has provided a note from his physician, Dr. Lifrak, stating that Plaintiff has "difficulty concentrating, flashbacks and nightmares affecting his functioning." Dr. Lifrak does not state when these complaints began, their origin or their affect on Plaintiff's ability to represent himself in this lawsuit. Further, Dr. Lifrak does not indicate that Plaintiff is taking medication.

4.  Motions for reconsideration should be granted sparingly. *Karr v. Castle,* 768 F. Supp 1087, 1090 (D. Del. 1991). They are granted only where it appears that the court has patently misunderstood a party, has made a decision outside of the issues presented by the parties, or has a made an error of apprehension. *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1241 (D. Del. 1990). A motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.* at 1240. A court should grant a motion for reconsideration only when 1) there has been an intervening change in the controlling law; 2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or 3) there is a need to correct an error of law or fact which has led to manifest injustice. *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

5.  In this case, the only new argument is Plaintiff's claim that he has difficulty thinking and functioning, which adversely impacts his ability to represent

himself. He attributes his problems to the time period that he was "illegally and unconstitutionally" imprisoned. However, as stated in the Complaint, Plaintiff was released from prison on October 3, 2003 (D.I. 2 at ¶59), and Plaintiff makes no showing that his symptoms began sometime after he filed his original Motion for Appointment of Counsel on January 20, 2005. (D.I. 9). Further, Plaintiff presents no evidence that his symptoms began after he filed his Complaint on November 5, 2004 (D.I. 2) or after he filed his Request for Default on March 1, 2005 (D.I. 19), pleadings referenced by this Court as indication that Plaintiff is capable of representing himself. In fact, the form and content of Plaintiff's Motion for Reconsideration demonstrate Plaintiff's continued ability to serve as his own counsel.

6. In the absence of an intervening change in controlling law, an error of fact or law leading to manifest injustice, or a showing of new evidence not previously available to Plaintiff, his Motion for Reconsideration must be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Reconsideration and enter an Order in the form attached hereto.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
eileen.kelly@state.de.us
(302) 577-8400

Date: June 16, 2005        Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME K. HAMILTON, a.k.a., ) <br> CHEIKH AHMED ELOHIM, ) <br> ) <br> Plainitff, ) <br> ) <br> vi. ) <br> ) <br> CATHY L. GUESSFORD, REBECCA ) <br> MCBRIDE, ROBERT F. SNYDER, ) <br> THOMAS L. CARROLL, and ) <br> STANLEY W. TAYLOR, Jr. ) <br> ) <br> ) <br> Defendants. ) | C.A. No. 04-1422-GMS |

## **ORDER**

**IT IS SO ORDERED,** this _____day of _____, 2005, that Plaintiff Jerome Hamilton's Motion for Reconsideration for Appointment of Counsel is hereby **DENIED.**

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2005, I electronically filed *Defendants' Response to Plaintiff's Motion for Reconsideration* with the Clerk of Court using CM/ECF. I hereby certify that on June 16, 2005, I have mailed by United States Postal Service, the document to the following non-registered party: Jerome K. Hamilton.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us