IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME K. HAMILTON, a.k.a. CHEIKH AHMED ELOHIM,  Plaintiff,  v.  CATHY L. GUESSFORD, REBECCA MCBRIDE, ROBERT F. SNYDER, THOMAS L. CARROLL, and STANLEY W. TAYLOR, Jr.,  Defendants. | Civil Action No. 04-1422-GMS* |

Plaintiff's First Set Of Interrogatories
Directed To Defendant's

    Pursuant to Rule 33 of the Rules of Civil Procedure, plaintiff hereby requests defendant's Guessford, Mcbride, Snyder, Carroll, and Taylor,- to fully answer, individually and separately in writing and under oath, each- and all of the following interrogatories within 30 days pursuant to Federal - Rules Of Civil Procedure 33. These interrogatories are continuing and the in- -formation requested must be kept current by supplementation.

DEFINITIONS AND INSTRUCTIONS

    1. "Document(s)," as used in these interrogatories, is employ- -ed in the broadest possible sense under Rule 34 of the Rules of Civil Proce- -dure and means without limitation any written, printed, typed, photostated, ph- -otographed, recorded or otherwise reproduced communications or reproductions whether assertedly privileged or not and including all copies or drafts of - any such document which differ (by annotation or otherwise) in any respect from the original.

    2. "Person," refer to the plural as well as the singular, of - any natural person, firm, corporation, association, group or organization, un- -less specifically stated otherwise.

    3. "You" and "Your," as used in these interrogatories, shall me- -an the party to which these interrogatories are directed, its agents, office- -rs, directors, and employees, and all other person(s) acting or purporting to act on its behalf of all of its representatives, including its attorneys.

1.

4. "Identify," as applied to a person, means to furnish, except as otherwise noted, his or her full name, present or last known residence and business address, business affiliation and job title at the time of the events described, and, present business affilation and job title, or if unavailable, last known business affiliation and job title.

5. "Whenever you are requested to "identify" a communication of any type and such communication was oral the following information should be furnished:

    a) By whom it was made and to whom it was directed;

    b) Its specific subject;

    c) The date upon which it was made;

    d) Who else was present when it was made; and

    e) Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

6. Whenever you are requested to "identify" a communication and such communications were written, the following information should be furnished (in place of identifications, production is acceptable):

    f) Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

    g) Its specific subject;

    h) By whom it was made and to whom it was directed;

    i) The date upon which it was made; and

    j) Who has possession of the original and any copies

7. If you object to any of the interrogatories herein, whether in whole or in part, on the grounds that the information sough therein is privileged or confidential, state the following:

    k) Identify the privileged document or communication;

    l) Identity the persons who received or have received the privileged document and/or the persons present during the privileged communication;

    m) Identify the person who made the privileged document or communication;

n) Identify the general subject matter of the privileged docu--ment or communication;and

o) State the basis for your of privilege with respect to each such document or communication.

8. These Interrogatories are considered to be continuing in -character, and whenever additional information responsive to them,but not su--pplied in answer to them is obtained or becomes known to plaintiff,it shall - be supplied in writing under oath to defendants as though expressly requested by separation interrogatories.

INTERROGATORIES

1. Identify each person who for purposes of this litigation was interviewed or from whom statements have been secured by you,your attorn--eys or other representatives and set forth the sum and substance of each su--ch statement.

2. Identify each person you intend to call as an expert wit--ness at the trial of this matter. Include for each such expert,his or her - area of expertise,qualications,the matter for which he or she will be called to testify and a summary of his or her finding and opinions as well as basis therefore.

3. Identify each and every witness whom you intend to call - trial or at trial and set forth the sum and substance of each such persons - expected testimony.

4. Identify each and every document which you intend to intr--oduce as evidence at the trial of the above reference matter.

5. Defendants individually and separately please set forth yo--ur professional education and professional employment including the names - of positions, dates held and job responsibilities.

6. Defendants individually and separately was you aware and - did you received on Jerome K.Hamilton, a sentence order and commitment paper from Superior Court dated on October 13,1988, which Judge Martin, as to(IN76--08-0906), specified that the twenty-five year sentence would begin on Janua--ry224,1977, and would be served concurrently with the seven-years sentence- as to(IN76-08-09070).

3.

7. Defendants individually and separately on November 14,--1988 or at any time prior thereto,did you know of any information either c--ontained in Jerome K.Hamilton, inmate record file, or contained in Departm--ent of Corrections records issued a revised sentence status report by calc--ulating Hamilton's prison release date as on July 17,1999

8. If the answer to interrogatory 6 above is yes, set forth the information you had, when you obtained it from what source you obtained-it, the substance of the information and identify all persons with whom you-shared such information.

9. If the answer to interrogatory 7 above is yes, set forth the information you had, when you obtained it, from what source you obtained it,the substance of the information and identify all persons with whom you - shared such information.

10. Defendants individually and separately answer did the - Department of Corrections on 1988 did recalculated Hamilton's short-time rel--ease date as July 17,1999.

11. Defendants individually and separately answer did on t--he March 21,1996 recalculated and change Hamilton's sentence status report prison short-time release date as June 11,2004

12. Defendants individually and separately answer did you - received a grievance that Hamilton's file in May 1999, explaining his senten--ce short-time prison release date was on July 17,1999.

13. Defendants individually and separately answer did you - received a copy of grievance from Hamilton's, which he did file on December--2,1999 explaining why his short-time prison release date was really on the July 17,1999.

14. If the answer to interrogatory 11 above is yes, set fo--rth the information you had, when you obtained it, from what source you obt--ained it,the substance of the information and identify all persons with wh--om you shared such information.

15. If the answer to interrogatory 13 above is yes, set fo--rth the information you had,when you obtained it,from what source you obtai--ned it,the substance of the information and identify all persons with whom-you shared such information.

    16. Defendants individually and separately in July 17,1999 or at any time prior thereto, did you knew of any information, either con--tained in any Department of Corrections or other records pertaining to -- Jerome K.Hamilton, which should have been release from prison on short-time release on July 17,1999.

    17. Defendants individually and separately please answer - who made the final decision and on whom authority did they use to stop the and prevent Jerome K.Hamilton, from being release from prison on July 17, --1999, please explain.

"PLAINTIFF/HAMILTON, WAS HELP TO COMPOSE THIS DOCUMENT BY(MR. WENDELL HOWELL).

Dated: February 17,2006

RESPECTFULLY SUBMITTED
PLAINTIFF/JEROME K. HAMILTON,
a.k.a. CHEIKH AHMED ELOHIM
Pro Se:
320 East Fifth Street/Apt#609
Wilmington, Delaware.19801

5.

## - Certification Of Service -

State Of Delaware   )
New Castle County   ) SS:
                    )

      BE IT REMEMBER, THAT Plaintiff Jerome K.Hamilton/Pro Se, being first duly sworn according to law and the penalty of perjury, on the - this __17__, day of __February__ 2006, place in the U.S. Mail. Two true and corr--ect copies of the attached:Plaintiff Jerome K.Hamilton's Interrogatories -- Directed to Guessford, McBride, Snyder, Carroll, and Taylor, Jr. upon the pa--rties listed in the manner indicated.

1. Peter T. Dalleo, Clerk
   Clerk Of The Court
   UNITED STATES DISTRICT COURT
   844 king Street
   J. Caleb Boggs Federal Building,
   Wilmington,Delaware.19801

2. Eileen Kelly, I.D.#2884
   Deputy Attorney General
   Carvel State Office Building;
   Wilmington,Delaware.19801

3. PLAINTIFF/JEROME K.HAMILTON,
   a.k.a. CHEIKH AHMED ELOHIM
   Pro Se:
   320 East Fifth Street/Apt.#609
   Wilmington,Delaware.19801

RESPECTFULLY SUBMITTED
*Jerome K. Hamilton, a.k.a. Cheikh A. Elohim*
PLAINTIFF/JEROME K. HAMILTON,
a.k.a. CHEIKH AHMED ELOHIM
Pro Se: