**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEROME K. HAMILTON, a.k.a., ) <br> CHEIKH AHMED ELOHIM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CATHY L. GUESSFORD, REBECCA ) <br> MCBRIDE, ROBERT F. SNYDER, ) <br> THOMAS L. CARROLL, and ) <br> STANLEY W. TAYLOR, JR., ) <br> ) <br> ) <br> Defendants. ) | C.A. No. 04-1422-GMS |

**DEFENDANT REBECCA MCBRIDE'S RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

1.　Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.　Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.　Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon her not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.　Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in her possession, custody or control.

5.  Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6.  Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.  Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from her counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1.  Identify each person who for purposes of this litigation was interviewed or from whom statements have been secured by you, your attorneys or other representatives and set forth the sum and substance of each such statement.

**RESPONSE:** Objection. This Interrogatory seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, to date, there are none.

2.  Identify each person you intend to call as an expert witness at the trial of this matter. Include for each such expert, his or her area of expertise, qualifications, the

matter for which he or she will be called to testify and a summary of his or her finding and opinions as well as basis therefore.

**RESPONSE:** To date, Answering Defendant has not yet retained any expert witnesses, but reserves the right to do so. Any information pertaining to expert witnesses will be disclosed pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(2).

3. Identify each and every witness whom you intend to call trial or at trial and set forth the sum and substance of each such persons expected testimony.

**RESPONSE:** Objection. This Interrogatory is premature at this stage in the litigation. This Response will be supplemented.

4. Identify each and every document which you intend to introduce as evidence at the trial of the above reference matter.

**RESPONSE:** Objection. This Interrogatory is premature at this stage in the litigation. This Response will be supplemented.

5. Defendants individually and separately please set forth your professional education and professional employment including the names of positions, dates held and job responsibilities.

**RESPONSE:** I graduated from college in 1983. I started working for the Department of Correction in 1996, first in Treatment Services, then as Records Supervisor, from 1998 until 2005, then as Information Resources Manager, from 2005 until the present.

6. Defendants individually and separately was you aware and did you received on Jerome K. Hamilton, a sentence order and commitment paper from Superior

Court dated on October 13, 1988, which Judge Martin, as to (IN76-08-0906), specified that the twenty-five year sentence would begin on January 24, 1977, and would be served concurrently with the seven-years sentence as to (IN76-08-0907).

**RESPONSE:** Objection. This Interrogatory sets forth legal argument/conclusion.

7. Defendants individually and separately on November 14, 1988 or at any time prior thereto, did you know of any information either contained in Jerome K. Hamilton, inmate record file, or contained in Department of Corrections records issued a revised sentence status report by calculating Hamilton's prison release date as on July 17, 1999.

**RESPONSE:** Objection. This Interrogatory is incomprehensible.

8. If the answer to interrogatory 6 above is yes, set forth the information you had, when you obtained it, from what source you obtained it, the substance of the information and identify all persons with whom you shared such information.

**RESPONSE:** See response to Interrogatory No. 6.

9. If the answer to Interrogatory 7 above is yes, set forth the information you had, when you obtained it, from what source you obtained it, the substance of the information and identify all persons with whom you shared such information.

**RESPONSE:** See response to Interrogatory No. 7.

10. Defendants individually and separately answer did the Department of Corrections on 1988 did recalculated Hamilton's short-time release date as July 17, 1999.

**RESPONSE:** In 1988, the Department of Correction calculated Plaintiff's short-time release date as July 17, 1999.

11.     Defendants individually and separately answer did on the March 21, 1996 recalculated and change Hamilton's sentence status report prison short-time release date as June 11, 2004.

**RESPONSE:**       Objection.  This Interrogatory is incomprehensible.

12.     Defendants individually and separately answer did you received a grievance that Hamilton's file in May 1999, explaining his sentence short-time prison release date was on July 17, 1999.

**RESPONSE:**       Not to my recollection.

13.     Defendants individually and separately answer did you received a copy of grievance from Hamilton's, which he did file on December 2, 1999 explaining why his short-time prison release date was really on the July 17, 1999.

**RESPONSE:**       Not to my recollection.

14.     If the answer to interrogatory 11 above is yes, set forth the information you had, when you obtained it, from what source you obtained it, the substance of the information and identify all persons with whom you shared such information.

**RESPONSE:**       See response to Interrogatory No. 11.

15.     If the answer to interrogatory 13 above is yes, set forth the information you had, when you obtained it, from what source you obtained it, the substance of the information and identify all persons with whom you shared such information.

**RESPONSE:**       See response to Interrogatory No. 13.

16.     Defendants individually and separately in July 17, 1999 or at any time prior thereto, did you know of any information, either contained in any Department of

Corrections or other records pertaining to Jerome K. Hamilton, which should have been release from prison on short-time release on July 17, 1999.

**RESPONSE:** No.

17. Defendants individually and separately please answer who made the final decision and on whom authority did they use to stop the and prevent Jerome K. Hamilton, form being release from prison on July 17, 1999, please explain.

**RESPONSE:** Objection. This Interrogatory sets forth legal argument/conclusion and seeks production of information protected from discovery by the attorney-client privilege and the work product doctrine.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          /s/ Eileen Kelly
          Eileen Kelly, I.D. #2884
          Deputy Attorney General
          Carvel State Office Building
          820 North French Street, 6th Floor
          Wilmington, Delaware 19801
          eileen.kelly@state.de.us
          (302) 577-8400

Date: March 20, 2006          Attorney for Defendant Rebecca McBride

VERIFICATION AS TO ANSWERS:

    I hereby declare under penalty of perjury that the attached Defendant Rebecca McBride's Responses to Plaintiff's First Set of Interrogatories are true and correct.

                                                                       /s/ Rebecca McBride
                                                                       Rebecca McBride

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2006, I electronically filed *Defendant Rebecca McBride's Responses to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on March 20, 2006, I have mailed by United States Postal Service, the document to the following non-registered party: Jerome K. Hamilton.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us