LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

(302) 472-4900
TELECOPIER (302) 472-4920

March 21, 2007

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

      RE:    Hamilton/Elohim v. Guessford, et.al.
             C.A. No.: 04-1422 (GMS)

Dear Judge Sleet:

      I write to the Court with regards to a discovery dispute, and Your Honor's directions contained, in Paragraph 3(a) of the Court's Scheduling Order.

      As Your Honor may recall, this suit involves the unlawful detention of the plaintiff by the defendants for the period of approximately four (4) years beyond the date, from which he was scheduled to be released from State custody. As background in this case, a review of the complaint reveals that in the early 1990's, the plaintiff challenged his release date, which the defendants maintained was in 1999. The Superior Court granted Summary Judgment to the Defendants, based upon the defendants' assertion that the plaintiff's release date was in 1999 (Complaint/Answer ¶19). Subsequently in 1996 the defendants recalculated the plaintiff's short term release date, and to set it for June 11, 2004 (Complaint/Answer ¶¶ 20-21). As a result of legal proceedings, the Superior Court of the State of Delaware ruled and ordered that his sentence be recalculated (Complaint/Answer ¶53), which would have resulted in an almost immediate release of the plaintiff. Thereafter, the State moved to stay the Superior Court's Order (Complaint/Answer ¶54). On appeal of the Superior Court's Order, the State argued that the "law of the case" doctrine prevented the Superior Court from ordering a recalculation of the plaintiff's sentence. Hamilton v. State, 831 A.2d 881 (Del. 2003) at p. 886-887. The Court held, in response to the State's "law of the case" argument that:

> "Under the 'clearly erroneous' exception to the doctrine of law of the case, the Superior Court properly considered and granted Hamilton's previously rejected sentence recalculation claim." Hamilton v. State, supra, at p. 889.

      As a result of the status of the case, the plaintiff maintains that communications between the Delaware Attorney General's Office, and the defendants concerning the calculation of plaintiff's sentence have been made an issue in this case, by the defendants' assertion of the affirmative defense of qualified immunity. As a result the defendants have waived any claim of attorney-client privilege.

The Honorable Gregory M. Sleet
March 21, 2007
Page Two

      This issue has been discussed by the plaintiff, and defendant pursuant to L.R. 7.1.1. The following documents are attached as exhibits:

1. Defendant's Letter of October 19, 2006 in which the defendants assert the attorney-client privilege over three emails.

2. Plaintiff's Letter of October 30, 2006 asserting the legal theories and basis for the waiver of the privilege.

3. Defendant's Letter of November 8, 2006 in response to No. 2 above, continuing to assert the attorney-client privilege.

      The plaintiff would request the Court to consider an order to the defendants, to produce the claimed privileged documents.

      Thank you for Your Honor's consideration.

                                          Respectfully,

                                          /s/ Gary W. Aber

                                          Gary W. Aber

GWA/mac
cc:    Eileen Kelly, Esquire
        Mr. Jerome K. Hamilton