

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

March 26, 2007

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

    RE:    Hamilton v. Guessford, et al.
                  C.A. No. 04-1422-GMS

Dear Judge Sleet:

       I am writing in response to Plaintiff's letter to the Court dated March 21, 2007. [D.I. 68]. In the letter, Plaintiff seeks production of three e-mails, which are protected from discovery by the attorney-client privilege and/or the work product doctrine. The e-mails are between Rebecca McBride, a defendant in this case, and Loren Myers, Esquire and Gregory Smith, Esquire, both of whom are Deputies Attorney General with the Delaware Department of Justice. Undersigned counsel represents that the e-mails concern the subject matter underlying this lawsuit.

       Plaintiff claims that, by assertion of the affirmative defense of qualified immunity, Defendants have waived any claim of attorney-client privilege. This argument is not supported by Third Circuit jurisprudence.

       The Third Circuit has held that a party can waive the attorney-client privilege by asserting claims or defenses that put the attorney's advice in issue in the litigation. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). For example, the client may waive the privilege by asserting reliance on the advice of counsel as an affirmative defense. *Id.* However, "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mine in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that

The Honorable Gregory M. Sleet
March 26, 2007
Page Two

claim or defense by disclosing or describing an attorney client communication." *Id.* See also *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999) (no waiver of privilege where defendants did not assert any claim or take any affirmative step that placed advice of counsel at issue).

Plaintiff has attached as Exhibit 3 to his March 21, 2007 letter correspondence dated October 30, 2006. In the October 30 letter, Plaintiff relies on *Hearn v. Ray,* 68 F.R.D. 574 (E.D. Wash. 1975) in support of his argument that Defendants have waived the attorney-client privilege. The Third Circuit has explicitly rejected *Hearn,* which holds that the attorney-client privilege is waived where the client's state of mind is in issue in the litigation. The Third Circuit stated that "[r]elevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *Rhone-Poulenc,* 32 F.3d at 864. Thus, a party does not waive the attorney-client privilege merely because his state of mind is at issue in the litigation. *Id.*

In this case, Defendants have not asserted the defense of reliance on counsel, and have not put counsel's advice in issue. Thus, there has been no waiver of the attorney-client privilege. Plaintiff's letter motion seeking production of the e-mails in question must be denied.

Respectfully,

/s/ Eileen Kelly

Eileen Kelly
Deputy Attorney General

cc: Gary W. Aber, Esquire