LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.                                          (302) 472-4900
PERRY F. GOLDLUST, P.A.*                          TELECOPIER (302) 472-4920
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.                      March 27, 2007
SHAUNA T. HAGAN
SAAGAR B. SHAH

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

RE:    Hamilton/Elohim v.Guessford, et.al.
       C.A. No.:  04-1422 (GMS)

Dear Judge Sleet:

I am writing, and providing a reply, to the defendant's response to my letter of March 21, 2007 concerning a discovery dispute in the above-captioned matter.

In my initial letter, I gave the Court a factual background of this case, and pursuant to ¶3(a) of your scheduling order, attempted to make a "non-argumentative" presentation to the Court, by providing both party's correspondence dealing with the discovery dispute. I now feel I must respond substantively to the defendant's letter of March 24, 2007, and the substantive arguments made in that correspondence.

The dispute in this matter revolves around the assertion of the attorney-client privilege over three communications between the defendants, and the attorney general's office concerning the plaintiff's continued unlawful incarceration. In this matter the defendants have asserted as an affirmative defense "Qualified Immunity". It is the plaintiff's position that the defendants' state of mind in asserting such a defense is not only relevant, but essential to their claims. One of the claims asserted by the plaintiff is that even after the Superior Court ruled that there had been an error in its previous decision, and on remand from continued wrongful incarceration from the Delaware Supreme Court, it corrected that error and ordered the plaintiff released, the defendants nevertheless continued to pursue a course, which resulted in the plaintiff's relying upon the doctrine of "law of the case". The Delaware Supreme Court firmly rejected such an argument. Hamilton v. State , 831 A.2d 881, 886-887 (Del. 2003).

The defendant relies upon Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1984) for its rejection of the authority upon which the plaintiff relies, Hearn v. Ray, 68 F.R.D. 574 (E.D. Wash. 1975). However, what the defendant appears to misunderstand is that the decision in Rhone-Poulenc was whether or not the information sought to be protected by the attorney-client privilege, in a non-Constitutional matter, was merely relevant to litigation. In the present case, the defendants' state of mind is an essential element for the plaintiff's claim of extended wrongful incarceration. As the Third Circuit Court of Appeals explained in Grant v.

The Honorable Gregory M. Sleet
March 27, 2007
Page Two

<u>City of Pittsburgh,</u> 98 F.3d 116, 124 (3d Cir. 1996) that a state of mind may be an essential element of the affirmative defense of qualified immunity. In the present case, it is submitted that the defendants' state of mind in continuing to seek further incarceration of the plaintiff, after a Delaware court had ruled, and it was acknowledged by the defendants that an error had been made, merely by relying upon the "law of the case" doctrine shows an illicit purpose. The information obtained by the defendant from the attorney general's office, would go to that essential element.

Thank you for Your Honor's consideration.

Respectfully,

/s/ Gary W. Aber

Gary W. Aber

GWA/mac
cc:     Eileen Kelly, Esquire
        Mr. Jerome K. Hamilton