IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME K. HAMILTON, a/k/a ELOHIM CHEIKH AHMED,<br><br>Plaintiff,<br><br>v.<br><br>CATHY L. GUESSFORD, REBECCA MCBRIDE, ROBERT F. SNYDER, THOMAS L. CARROLL, and STANLEY W. TAYLOR, JR.<br><br>Defendants | C.A. No. 04-1422 (GMS)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

The plaintiff in the above-captioned matter, pursuant to Rule 26(c), *Federal Rules of Civil Procedure* moves this Court for a Protective Order in connection with his deposition. The basis for this motion is as follows:

1. This in an action brought by the plaintiff against the defendants for causing him to remain incarcerated, in the Smyrna Correctional Facility, for approximately four (4) years and eighty-seven (87) days beyond his "short term release date" of July 17, 1999.

2. The Delaware Supreme Court, by a decision *Hamilton v. State of Delaware*, 831 A.2d 881 (Del. 2003) held that the examination of the facts by the Superior Court of the State of Delaware in holding that his imprisonment was improper was:

> "...the result of a logical and orderly deductive process."
> *Hamilton v. State, supra, at p. 889.*

In *Hamilton v. State,* the Court found that the Department of Corrections made an incorrect calculation, when, they, after they had previously in 1988 properly calculated the plaintiff's release date for July 17, 1999, recalculated in 1995 to set a new release date,

which would have held him until June 11, 2004, approximately an additional four (4) years eighty seven (87) days beyond the correctly calculated release date. One or more of the defendants had previously, in sworn affidavits, in 1992, swore that plaintiff's release date was July 17, 1999.

3. The plaintiff's deposition has been scheduled by the defendant. In discussions with defense counsel concerning the nature and scope of the deposition, defense counsel has indicated that he intends to question the plaintiff about the circumstances and factual basis which resulted in the plaintiff being held in segregation **after** July 17, 1999. That is, the defendant will attempt to cast a negative light upon the plaintiff by actions, which resulted in his being held in segregation (i.e. maximum security/solitary confinement) because of events that occurred while he was being held illegally by the Department of Corrections.

4. It is submitted by the plaintiff that the questioning of the plaintiff concerning the reasons why he was held in maximum security/solitary confinement after July 17, 1999 are irrelevant since, the Delaware Supreme Court has already held that any confinement beyond that date was improper, contrary to law, and thus, illegal. If the plaintiff had not been held during that period of time, he could not have committed any acts, which would have resulted in him being held in maximum security/solitary confinement.

5. The potential questioning of the plaintiff concerning matters that occurred after July 17, 1999, his proper release date, concerning his classification, which resulted in his being held in maximum security/solitary confinement is not relevant in this matter since his incarceration during that period of time was inappropriate and illegal. The only relevancy of what occurred after July 17, 1999 concerns his efforts to attempt to obtain a release,

and matters pertaining to his pain and suffering while under confinement. The reasons for the nature of his confinement are not relevant to these proceedings and are not designed to lead to relevant discoverable information. The only purpose of such questions is the "...annoyance, embarrassment, and oppression..." Rule 26(c), *Federal Rules of Civil Procedure*. As such, such questions should be the subject of a protective order and barred.

WHEREFORE, the plaintiff requests this Court to enter a protective order, pursuant to Rule 26(c) *Federal Rules of Civil Procedure*, directing that the defendant not question the plaintiff concerning the factual basis, reasons, or matters which resulted in his being held in segregation, maximum security/solitary confinement after July 17, 1999.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: May 9, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME K. HAMILTON, a/k/a ELOHIM CHEIKH AHMED,  Plaintiff, v. CATHY L. GUESSFORD, REBECCA MCBRIDE, ROBERT F. SNYDER, THOMAS L. CARROLL, and STANLEY W. TAYLOR, JR.  Defendants | C.A. No. 04-1422 (GMS)  JURY TRIAL DEMANDED |

**CERTIFICATION PURSUANT TO L.R. 7.1.1**

The undersigned, attorney for the plaintiff has consulted with defendant's counsel, Marc P. Niedzielski, Esquire, on two occasions first in person, and second by telephone concerning the subject matter of this motion, and has been unable to reach an agreement as to the request made in the motion.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: May 9, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached pleading was filed via electronic filing on May 9, 2007 and was served on the following counsel:

>Marc P. Niedzielski, Esquire
>Department of Justice
>820 N. French Street, 6th Floor
>Wilmington, DE 19801

>/s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to Gary W. Aber, Esquire