LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

May 21, 2007

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

RE: Hamilton/Elohim v. Guessford, et.al.
C.A. No.: 04-1422 (GMS)

Dear Judge Sleet:

I am writing to provide the Court with an Agenda for the discovery telephone conference in the above-captioned matter scheduled for 9:15 a.m. on May 23, 2007. There are several issues, which the parties wish to raise with the Court, as follows:

1. **Discovery Dispute: Privilege Documents**. The parties have both written to the Court previously, the plaintiff on March 21, 2007, the defendant on March 26, 2007, and the plaintiff's reply on March 27, 2007. Plaintiff seeks two (2) emails dated June 10, 2003, and October 2, 2003, between the Department of Corrections and the Department of Justice to which defendants have claimed attorney client privilege. Plaintiff contends that the privilege was waived by the assertion of qualified immunity and defendants disagree. Both plaintiff's and defendants' positions are contained in the above-listed correspondence, copies of which are attached to this agenda.

2. **Plaintiff's Motion for Protective Order**: This motion deals with the scope of the deposition of the plaintiff. The plaintiff has asserted that the questioning of the nature of his conduct, and the reasons for the nature of his incarceration after July 17, 1999, the date which he should have been released, are irrelevant and are being made purely for the purposes of embarrassment and harassment. Defendants contend that (1) plaintiff filed the protective order in violation of the Court's Scheduling Order, (2) plaintiff's good time release would have been June 11, 2004, and (3) under either plaintiff's or defendants' theories, plaintiff's conduct while in prison goes to the good time to which he may have been entitled.

The Honorable Gregory M. Sleet
May 21, 2007
Page Two

3. **Defendant's Late Expert Designation/Production**: This is an issue that has risen within the last week, following the scheduling of this conference. The defendants produced an expert report, of retired Judge Richard Geblein, on May 11, 2007, the last day of discovery, at 2:30 p.m., at the conclusion of the plaintiff's deposition. Plaintiff believes this production is too late in the process, and as such is prejudicial. Defendants have offered their expert for deposition and have offered to provide plaintiff with a reasonable period of time in which to identify his own expert. Plaintiff does not believe there is time enough before dispositive motions are filed. If the date for those motions are moved back, then the trial date is endangered.

4. **Assertion of Attorney Client Privilege During Plaintiff's Deposition**: During the plaintiff's deposition, the defendants attempted to question the plaintiff concerning whether he was aided in the drafting of the *pro* se complaint by an attorney. Plaintiff's views this as an apparent attempt to seek the reason certain language occurred in the complaint. The plaintiff asserted attorney/client privilege, based upon communications between the plaintiff and counsel in drafting the complaint.

I believe this concludes the issues that will be presented at the telephone conference.

Respectfully,

Gary W. Aber

GWA/mac
cc:   Eileen Kelly, Esquire

LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

(302) 472-4900
TELECOPIER (302) 472-4920

March 21, 2007

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

RE:   Hamilton/Elohim v. Guessford, et.al.
      C.A. No.: 04-1422 (GMS)

Dear Judge Sleet:

I write to the Court with regards to a discovery dispute, and Your Honor's directions contained, in Paragraph 3(a) of the Court's Scheduling Order.

As Your Honor may recall, this suit involves the unlawful detention of the plaintiff by the defendants for the period of approximately four (4) years beyond the date, from which he was scheduled to be released from State custody. As background in this case, a review of the complaint reveals that in the early 1990's, the plaintiff challenged his release date, which the defendants maintained was in 1999. The Superior Court granted Summary Judgment to the Defendants, based upon the defendants' assertion that the plaintiff's release date was in 1999 (Complaint/Answer ¶19). Subsequently in 1996 the defendants recalculated the plaintiff's short term release date, and to set it for June 11, 2004 (Complaint/Answer ¶¶ 20-21). As a result of legal proceedings, the Superior Court of the State of Delaware ruled and ordered that his sentence be recalculated (Complaint/Answer ¶53), which would have resulted in an almost immediate release of the plaintiff. Thereafter, the State moved to stay the Superior Court's Order (Complaint/Answer ¶54). On appeal of the Superior Court's Order, the State argued that the "law of the case" doctrine prevented the Superior Court from ordering a recalculation of the plaintiff's sentence. Hamilton v. State, 831 A.2d 881 (Del. 2003) at p. 886-887. The Court held, in response to the State's "law of the case" argument that:

> "Under the 'clearly erroneous' exception to the doctrine of law of the case, the Superior Court properly considered and granted Hamilton's previously rejected sentence recalculation claim." Hamilton v. State, supra, at p. 889.

As a result of the status of the case, the plaintiff maintains that communications between the Delaware Attorney General's Office, and the defendants concerning the calculation of plaintiff's sentence have been made an issue in this case, by the defendants' assertion of the affirmative defense of qualified immunity. As a result the defendants have waived any claim of attorney-client privilege.

The Honorable Gregory M. Sleet
March 21, 2007
Page Two

    This issue has been discussed by the plaintiff, and defendant pursuant to L.R. 7.1.1. The following documents are attached as exhibits:

1. Defendant's Letter of October 19, 2006 in which the defendants assert the attorney-client privilege over three emails.

2. Plaintiff's Letter of October 30, 2006 asserting the legal theories and basis for the waiver of the privilege.

3. Defendant's Letter of November 8, 2006 in response to No. 2 above, continuing to assert the attorney-client privilege.

    The plaintiff would request the Court to consider an order to the defendants, to produce the claimed privileged documents.

    Thank you for Your Honor's consideration.

                                    Respectfully,

                                    /s/ Gary W. Aber

                                    Gary W. Aber

GWA/mac
cc: Eileen Kelly, Esquire
      Mr. Jerome K. Hamilton

# EXHIBIT 1

Case 1:04-cv-01422-GMS   Document 92   Filed 05/21/2007   Page 5 of 17




# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

OCT 23 2006

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

October 19, 2006

**PLEASE REPLY TO:**
[New Castle County-Civil Division]

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675

      RE:   **Hamilton v. Guessford, et al.**
             **C.A. No. 04-1422 - GMS**

Dear Gary:

I am writing in response to your letter dated October 16, 2006.

First, with respect to Defendants' document production, I have enclosed a table which indicates which documents are responsive to Plaintiff's various discovery requests.

As to a privilege log, the following items are protected from discovery by the attorney-client privilege and/or work product doctrine:

1. March 27, 2003 e-mail from R. McBride to L. Myers regarding J. Hamilton's sentence history.
2. June 10, 2003 e-mail from G. Smith to R. McBride regarding Judge Toliver order.
3. October 2, 2003 e-mail from G. Smith to R. McBride regarding Supreme Court decision.

With respect to your responses to Defendants' discovery requests, please provide me with the type of information which is set forth in this letter. Please identify which documents are responsive to the individual requests and provide me with a privilege log.

I also note that I never received Plaintiff's Initial Disclosures, which were due September 29, 2006.

Gary W. Aber, Esquire
October 19, 2006
Page Two

    Finally, by letter dated September 27, 2006, I sent you a medical authorization and a Social Security Administration authorization for Mr. Hamilton's signature. To date, you have not returned the signed authorizations to me. Please do so at your earliest convenience.

    Thank you.

                                                              Sincerely,

                                                             Eileen Kelly
                                                             Deputy Attorney General

Enclosure

# EXHIBIT 2

# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

November 8, 2006

PLEASE REPLY TO [New Castle County-Civil Division]

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675

NOV 1 4 2006

RE: **Hamilton v. Guessford, et al.**
**C.A. No. 04-1422 - GMS**

Dear Gary:

I am writing in response to your letter dated October 30, 2006 in which you request production of the documents identified as privileged in my October 19, 2006 letter to you.

Your position that Defendants have waived the attorney-client privilege by asserting a qualified immunity defense is not supported by the case law. Defendants have not asserted a defense based on the advice of counsel. As the Third Circuit has held, the attorney-client privilege is not waived merely because the party's state of mind is at issue. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* 32 F.3d 851, 864 (1994). The Third Circuit has specifically rejected the reasoning in *Hearn v. Rhay,* a case which you cite in your letter. *Id.* Finally, you have relied on case law which does not support your argument. For example, *In re AT&T Access Charge Litigation* follows the holding in *Rhone-Poulenc.*

In short, Defendants will not produce documents properly protected from discovery by the attorney-client privilege.

Sincerely,

Eileen Kelly
Deputy Attorney General

# EXHIBIT 3

LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

(302) 472-4900
TELECOPIER (302) 472-4920

October 30, 2006

Eileen Kelly, Esquire
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

RE:    Hamilton v. State Department of Corrections

Dear Eileen:

    I received your letter of October 19, 2006, providing me with a "Privilege Log" of those items which you claim are protected by the attorney client privilege. You list three items, which are all emails, of March 27, 2003, June 10, 2003, and October 2, 2003.

    In your answer to the complaint, you have pled as an affirmative defense, that your clients are protected by "Qualified Immunity". As the Third Circuit Court of Appeals has recognized, Qualified Immunity is used to protect officials, who may, overstep constitutional boundaries, but are nevertheless acting in objective good faith. Monteiro v. City of Elizabeth, 436 F.3d 397 (3d Cir. 2006). In order to claim protection of the "Qualified Immunity" doctrine, the defendants will have to demonstrate that they acted in reasonable good faith. Grunke v. Seip, 225 F.3d 290 (3d Cir. 2000).

    It is well established that when a party asserts "Qualified Immunity" they have waived the attorney client privilege. Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975); cited with approval, U.S. v. Blizerian, 926 F.2d 1285 (2d Cir. 1991); In Re: AT & T Access Charge Litigation, ___F.Supp.2d ___, 2006 WL 2587607 (D.Nj. 2006); Harter v. University of Indianapolis, 5 F.Supp.2d 657 (S.D.Ind. 1998)(By pleading an affirmation defense of good faith qualified immunity, defendants implicitly waive privilege as to legal advice provided by a state's attorney general).

    Based upon those arguments, I write to you pursuant to L.R. 7.1.1 and request that you produce documents referred to in your letter of October 19, 2006.

Eileen Kelly, Esquire
October 30, 2006
Page Two

    Thank you for your assistance and cooperation.

                                                       Yours very truly,

                                                        Gary W. Aber

GWA/mac
cc:    Mr. Cheikh Ahmed Elohim



**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

March 26, 2007

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

    RE:    **Hamilton v. Guessford, et al.**
              **C.A. No. 04-1422-GMS**

Dear Judge Sleet:

       I am writing in response to Plaintiff's letter to the Court dated March 21, 2007. [D.I. 68]. In the letter, Plaintiff seeks production of three e-mails, which are protected from discovery by the attorney-client privilege and/or the work product doctrine. The e-mails are between Rebecca McBride, a defendant in this case, and Loren Myers, Esquire and Gregory Smith, Esquire, both of whom are Deputies Attorney General with the Delaware Department of Justice. Undersigned counsel represents that the e-mails concern the subject matter underlying this lawsuit.

       Plaintiff claims that, by assertion of the affirmative defense of qualified immunity, Defendants have waived any claim of attorney-client privilege. This argument is not supported by Third Circuit jurisprudence.

       The Third Circuit has held that a party can waive the attorney-client privilege by asserting claims or defenses that put the attorney's advice in issue in the litigation. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). For example, the client may waive the privilege by asserting reliance on the advice of counsel as an affirmative defense. *Id.* However, "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mine in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that

The Honorable Gregory M. Sleet
March 26, 2007
Page Two

claim or defense by disclosing or describing an attorney client communication." *Id. See also U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999) (no waiver of privilege where defendants did not assert any claim or take any affirmative step that placed advice of counsel at issue).

    Plaintiff has attached as Exhibit 3 to his March 21, 2007 letter correspondence dated October 30, 2006. In the October 30 letter, Plaintiff relies on *Hearn v. Ray*, 68 F.R.D. 574 (E.D. Wash. 1975) in support of his argument that Defendants have waived the attorney-client privilege. The Third Circuit has explicitly rejected *Hearn*, which holds that the attorney-client privilege is waived where the client's state of mind is in issue in the litigation. The Third Circuit stated that "[r]elevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *Rhone-Poulenc*, 32 F.3d at 864. Thus, a party does not waive the attorney-client privilege merely because his state of mind is at issue in the litigation. *Id.*

    In this case, Defendants have not asserted the defense of reliance on counsel, and have not put counsel's advice in issue. Thus, there has been no waiver of the attorney-client privilege. Plaintiff's letter motion seeking production of the e-mails in question must be denied.

                                            Respectfully,

                                            /s/ Eileen Kelly

                                            Eileen Kelly
                                            Deputy Attorney General

cc: Gary W. Aber, Esquire

**Other Documents**
1:04-cv-01422-GMS Hamilton v. Guessford, et al
**MEDIATION**

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Kelly, Eileen on 3/26/2007 at 12:17 PM EDT and filed on 3/26/2007
**Case Name:** Hamilton v. Guessford, et al
**Case Number:** 1:04-cv-1422
**Filer:**
**Document Number:** 69

**Docket Text:**
Letter to The Honorable Gregory M. Sleet from Eileen Kelly regarding discovery issue - re [68] Letter. (Kelly, Eileen)

**1:04-cv-1422 Notice has been electronically mailed to:**

Gary W. Aber     gaber@gablawde.com

Eileen Kelly     eileen.kelly@state.de.us

Marc P. Niedzielski     marc.niedzielski@state.de.us, Jennifer.Mitchell@state.de.us

**1:04-cv-1422 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/26/2007] [FileNumber=362598-0]
[094fa3c56e8d37168eb7ca3c0d6cfdc1873bc971e56bee3fcdc9d20b289f87fd669d
e768a9f3fe290096f14f917ae127b9ab76eaf693bbc4a3b5c8c4c19d9428]]

LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

(302) 472-4900
TELECOPIER (302) 472-4920

March 27, 2007

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

RE: Hamilton/Elohim v. Guessford, et.al.
C.A. No.: 04-1422 (GMS)

Dear Judge Sleet:

I am writing, and providing a reply, to the defendant's response to my letter of March 21, 2007 concerning a discovery dispute in the above-captioned matter.

In my initial letter, I gave the Court a factual background of this case, and pursuant to ¶3(a) of your scheduling order, attempted to make a "non-argumentative" presentation to the Court, by providing both party's correspondence dealing with the discovery dispute. I now feel I must respond substantively to the defendant's letter of March 24, 2007, and the substantive arguments made in that correspondence.

The dispute in this matter revolves around the assertion of the attorney-client privilege over three communications between the defendants, and the attorney general's office concerning the plaintiff's continued unlawful incarceration. In this matter the defendants have asserted as an affirmative defense "Qualified Immunity". It is the plaintiff's position that the defendants' state of mind in asserting such a defense is not only relevant, but essential to their claims. One of the claims asserted by the plaintiff is that even after the Superior Court ruled that there had been an error in its previous decision, and on remand from continued wrongful incarceration from the Delaware Supreme Court, it corrected that error and ordered the plaintiff released, the defendants nevertheless continued to pursue a course, which resulted in the plaintiff's relying upon the doctrine of "law of the case". The Delaware Supreme Court firmly rejected such an argument. Hamilton v. State, 831 A.2d 881, 886-887 (Del. 2003).

The defendant relies upon Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1984) for its rejection of the authority upon which the plaintiff relies, Hearn v. Ray, 68 F.R.D. 574 (E.D. Wash. 1975). However, what the defendant appears to misunderstand is that the decision in Rhone-Poulenc was whether or not the information sought to be protected by the attorney-client privilege, in a non-Constitutional matter, was merely relevant to litigation. In the present case, the defendants' state of mind is an essential element for the plaintiff's claim of extended wrongful incarceration. As the Third Circuit Court of Appeals explained in Grant v.

The Honorable Gregory M. Sleet
March 27, 2007
Page Two

<u>City of Pittsburgh</u>, 98 F.3d 116, 124 (3d Cir. 1996) that a state of mind may be an essential element of the affirmative defense of qualified immunity. In the present case, it is submitted that the defendants' state of mind in continuing to seek further incarceration of the plaintiff, after a Delaware court had ruled, and it was acknowledged by the defendants that an error had been made, merely by relying upon the "law of the case" doctrine shows an illicit purpose. The information obtained by the defendant from the attorney general's office, would go to that essential element.

    Thank you for Your Honor's consideration.

                                              Respectfully,

                                              /s/ Gary W. Aber

                                              Gary W. Aber

GWA/mac
cc:    Eileen Kelly, Esquire
       Mr. Jerome K. Hamilton