# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.,  )
CHEIKH AHMED ELOHIM,   )
           )
   Plainitff,     )
           )
   v.        )   C.A. No. 04-1422-GMS
           )
CATHY L. GUESSFORD, REBECCA )
MCBRIDE, ROBERT F. SNYDER,  )
THOMAS L. CARROLL, and   )
STANLEY W. TAYLOR, Jr.,   )
           )
   Defendants.   )

## APPENDIX TO DEFENDANTS' OPENING BRIEF

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Marc Niedzielski, ID #2616
Eileen Kelly, ID #2884
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
marc.niedzielski@state.de.us
eileen.kelly@state.de.us
Attorneys for Defendants

## APPENDIX TABLE OF CONTENTS

Complaint, C.A. No. 04-1422 (Nov. 5, 2004)...............................................................A-1 - A-13

Sentencing Orders ...........................................................................................A-14 -A-20

Deposition of Cathy Guessford (partial)(March 1, 2007)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS........................................................A-21 - A-29

Deposition of Rebecca McBride (partial) (April 13, 2007)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS........................................................A-30 - A-36

Plaintiff's Sentencing Status Report (Nov.14, 1988 & March 21, 1996) .....................A-37 – A-39

Defendant Cathy Guessford's Responses
To Plaintiff's First Set of Interrogatories (partial) (March 20, 2006)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS........................................................A-40 – A-42

Defendant Rebecca McBride's Responses
To Plaintiff's First Set of Interrogatories (partial)(March 20, 2006)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS........................................................A-43 – A-45

Grievance Documents No. 9912023, (Nov. 22, 1999) .................................................A-46 –A-51

Superior Court Letters to Plaintiff (June 27, 2000)(July 10, 2000)
(Aug. 2, 2000) *Re: Writ of Habeas Corpus*.................................................................A-52 – A-54

Superior Court ORDER C.A.No.00M-03-057-WCC (Aug. 15, 2000).........................A-55 – A-56

Superior Court Letter (Sept. 23, 2002)  to Plaintiff Cr.A. No. IN76-08-0906-0907 ....A-57 – A-59

Deputy Attorney General Loren Meyers' Letter (April 7, 2003) to Cathy Howard,
Clerk of the Court, *Hamilton v. State,* No. 576,2002....................................................A-60 – A-61

Judge Toliver's Response to Order of Remand (May 16, 2003)
*Hamilton v. State of Delaware,* No. 576, 2002 ...........................................................A-62 – A-66

Deputy Attorney General Loren Meyers' Motion *Objections to Report on Remand*
*Hamilton v. State of Delaware,* No. 576,2002 .............................................................A-67 – A-70

Deposition of Robert Snyder (partial)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS (April 24, 2007).............................A-71 – A-73

Deposition of Thomas Carroll (partial) (April 24, 2007)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS..........................................................A-74 – A-76

Deposition of Stan Taylor (partial)(April 25, 2007)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS..........................................................A-77 – A-78

Plaintiff's Answers to Defendants' First
Set of Interrogatories (Sept. 6, 2006)
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS..........................................................A-79 – A-80

Deposition of Jerome Hamilton (partial) May 11, 2007
*Hamilton v. Guessford et al.,* C.A.04-1422-GMS.......................................................... A-81- A-83

2

In The United States District Court
For The District Of Delaware

JEROME K. HAMILTON, a/k/a
CHEIKH Ahmed Elohim

Plaintiff,

v.

CATHY L. GUESSFORD, REBECCA McBRIDE,
ROBERT F. SNYDER, THOMAS L. CARROLL, and
STANLEY W. TAYLOR, Jr.

Defendants

C.A. No. ____0 4 - 1 4 2 2____

JURY TRIAL DEMANDED

**Pro Se**

FILED
2004 NOV -5  AM 9: 16
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**COMPLAINT**

**THE PARTIES**

1.  Plaintiff, Jerome Hamilton, a/k/a Cheikh Ahmed Elohim, is a resident of the State of Delaware.

2.  On information and belief, the Defendant, Cathy L. Guessford is or was a records supervisor at the Delaware Correctional Center in Smyrna, Delaware.

3.  On information and belief, Defendant Rebecca McBride is the Records Supervisor for the Delaware Correctional Center in Smyrna, Delaware.

4.  On information and belief, Defendant Robert F. Snyder is the former Warden of the Delaware Correctional Center in Smyrna, Delaware.

5.  On information and belief, Defendant Thomas Carroll is the Warden of the Delaware Correctional Center in Smyrna, Delaware.

A - 1

6.  On information and belief, Defendant Stanley W. Taylor Jr. is the Commissioner of the Delaware Department of Correction.

## JURISDICTION AND VENUE

7.  This action arises under the Eighth and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. Section 1983.

8.  This Court has jurisdiction under 28 U.S.C. Section 1331, 28 U.S.C. Section1343, and 28 U.S.C. Section 1367.

9.  This Court is the appropriate venue under 28 U.S.C. Section 1343, and 28 U.S.C. Section 1367.

## STATEMENT OF FACTS

10. Plaintiff, Jerome Hamilton was arrested in May 1976, and sentenced to seven years for attempted robbery (0180) and five years for burglary (0181), to be served concurrently. In July 1976 his sentenced was increased by two years for misdemeanor theft (0279). Hamilton finished serving these three sentences on December 5, 1984.

11. In January 1977, Hamilton was sentenced to life for armed robbery (0906) and conspiracy (0907).

12. In April 1986, these sentences were subsequently reduced to thirty years (0906) and seven years (0907).

A- 2

13. In December 1987, Hamilton received an additional two-year sentence for prison contraband (1312) and seven years for conspiracy (1313), bringing his total sentence to forty-six years.

14. On October 13, 1988, Judge Joshua Martin reduced the sentence for (0906) to twenty-five years, because new evidence proved that Hamilton had not been armed during the robbery.

15. In his sentencing order and commitment dated October 13, 1988; Judge Martin specified that the twenty-five year sentence would begin on January 24, 1977, and would be served concurrently with the seven-year sentence for (0907).

16. On November 14, 1988 the Delaware Department of Corrections ("DOC") issued a revised Sentence Status Report (SSR), signed by Daniels, correctly calculating Hamilton's release date as July 17, 1999.

17. In 1992, Hamilton filed a petition for Writ of Mandamus in the Superior Court in New Castle County ("Superior Court") against Robert Watson, Commissioner of the DOC and Debra O'Hanlon, Records Supervisor at the Multi-Purpose Criminal Justice Facility (MPCJF), asking to have his good time recalculated.

18. Watson and O'Hanlon moved to dismiss and submitted Hamilton's sentencing orders and affidavits from O'Hanlon and Cathy L. Guessford, records Supervisor at the Delaware Correctional Center in support of their position that Hamilton's good time was properly calculated and Hamilton's release date was July, 17, 1999.

19. The Court agreed that the correct release date was July 17, 1999, and granted summary judgment to defendant.

A - 3

20. In 1996 defendant, Guessford, again recalculated Hamilton's release date. On information and belief, Guessford mistakenly added in Hamilton's original nine years for 0180, 0181, and 0279, which had been completed in 1984.

21. On information and belief, Guessford calculated a total time of forty-three years, adjusted this figure for good time of 234 days, and arrived at a release date of June 11, 2004.

22. On March 21, 1996, the DOC issued a SSR signed by Guessford incorrectly calculating Hamilton's release date as June 11, 2004.

23. On information and belief, in May 1999, two months before his correct release date, Hamilton filed a grievance, asserting that July 17, 1999 was his correct release date, and asked the Records Supervisor to resolve the conflicting status reports.

24. On information and belief, Hamilton received no response to his grievance.

25. On information and belief, Hamilton filed a second grievance about his release date in November 1999, a few months after his correct released date. On information and belief, Hamilton received no response to his grievance until March 22, 2000.

26. In February 2000, Hamilton wrote to Commissioner Taylor, Warden Snyder, and Sergeant Williams, the grievance officer, notifying them of the error and asked them to have defendant, Rebecca McBride recalculate and correct his release date. Hamilton also wrote to McBride and to the Attorney General's (AG) office with the same request. Hamilton enclosed copies of Guessford and O'Hanlon's affidavits and the 1988 SSR, which stated that July 17, 1999 was Hamilton's correct release date.

27. On information and belief, in February 2000, the AG's office asked McBride to recalculate Hamilton's release date.

A- 4

28. On March 22, 2000, McBride sent a memo to the grievance officer and Hamilton's counselor stating that the June 11, 2004 release date was correct. In this memo McBride again added in the already served sentence for 0180, 0181 adding an extra nine years to Hamilton's sentence.

29. On information and belief, McBride used the incorrect 1996 SSR to recalculate Hamilton's release date.

30. McBride stated in the March 22, 2000 memo that Hamilton's good time had been miscalculated. She accordingly added three days to his time, recalculating his release date as June 14, 2004.

31. Hamilton filed a petition for Writ of Mandamus against McBride Snyder, and Taylor in February 2000, claiming that he was being unlawfully held in prison beyond his release date.

32. Defendants moved to dismiss the petition in April 2000, asserting that a Writ of Mandamus was an improper action.

33. Hamilton filed a Writ of Habeas Corpus in the Superior Court in May or June 2000 against McBride, Snyder, and Taylor. He attached copies of his sentencing orders, SSR's, and McBride's memo to the grievance officer to his petition.

34. In response, McBride submitted an affidavit stating that she disagreed with the Guessford and O'Hanlon affidavits of 1992. In the affidavits she recalculated Hamilton's release date as June 11, 2004, perpetuating the earlier mistakes by including three extra days of good time and adding back the sentences for 0180, 0181, and 0279.

35. In her affidavit, McBride also explained the procedure used to calculate a sentence.

36. In response to defendants' motion to dismiss his *Habeas* petition, Hamilton submitted a brief and again the copies of the Guessford and O'Hanlon affidavits and defendants' summary

A-5

judgment brief from the 1992 mandamus action that calculated his correct release date as July 17, 1999.

37. In August 2000, the court dismissed both of Hamilton's petitions, and Hamilton appealed to the Supreme Court of Delaware ("Supreme Court").

38. Hamilton asked the Superior Court for his sentencing transcripts for his appeal but the court denied his request.

39. In July 2000 Hamilton filed two more petitions for Writ of Habeas Corpus against McBride, Snyder, and Taylor, attaching the affidavits and brief from the 1992 mandamus action.

40. On September 26, 2000, Hamilton filed another grievance about his release date and asked for McBride to "explain in detail the starting date and finish date on each sentence."

41. The grievance officer replied that McBride was not required to give start and end dates on status sheets and Hamilton could calculate them for himself.

42. On appeal in the Supreme Court, defendants argued that the SSR used as the basis for the 1992 affidavits and decision had "inadvertently" failed to account for convictions 0180 ad 0181.

43. In April 2001, the Supreme Court affirmed the dismissal of Hamilton's petitions. The Court found that Hamilton's seven year sentence for conspiracy (0907) and the twenty-five year robbery sentence (0906) could not have been served concurrently under Delaware law, 11 *Del. C.* Section 3901(d) (effective July 14, 1977). Which requires all sentences to be consecutive. As a result, Hamilton's released date of June 11, 2004 was correct. The court also affirmed denial of Hamilton's sentencing hearing transcript from October 13, 1988, because there was no record of a hearing on that date.

44. On February 13, 2002, Hamilton wrote to Warden Carroll, complaining that the grievance officer refused to process his grievance and that he should have been released on July 17, 1999.

45. Hamilton's letter to Warden Carroll was returned to the grievance committee, who informed Hamilton that his issue was "not grievable," because only the court could change his sentence.

46. Hamilton filed another grievance on July 27, 2002, asking for an investigation of his sentences to determine whether the order stated that 0906 and 0907 were to be served concurrently.

47. The grievance officer responded that Hamilton was playing "word games" and the grievance committee could not change a court ordered sentence.

48. On information and belief, in August 2002, Hamilton filed a petition for post conviction relief and requested a transcript of his 1988 sentencing hearing. The Superior Court denied both the transcript and the petition, and Hamilton appealed.

49. On January 28, 2003, the Supreme Court remanded the case to the Superior Court, because it had denied Hamilton's petition before the State filed its reply.

50. The Supreme Court also ordered the Superior Court to supply Hamilton with the 1998 sentencing transcript, and to appoint an attorney for Hamilton.

51. Hamilton filed a Petition for Writ of Habeas Corpus February 2003 for reconsideration on remand.

52. On remand, the state finally requested clarification of the 1988 sentencing order, and admitted that the sentences for 0906 and 0907 in the October 1988 sentencing order were to have

A-7

been served concurrently. Concurrently sentencing was allowed under the earlier Delaware statue in existence on January 24, 1977, when the 25-year sentence was to begin.

53. On May 16, 2003, the Superior Court then granted Hamilton's motion for sentence correction under Criminal Rule 35, and issued an order for DOC to recalculate Hamilton's release date by May 25, 2003.

54. On June 10, 2003, the State moved to stay the May 16 order for recalculation. The court granted a thirty-day stay.

55. On July 10, 2003, the State requested a 30-day extension for recalculating Hamilton's release date, which was granted.

56. On appeal, the State argued that under the "law of the case" doctrine, the Superior Court could not change the Supreme Court's prior holding in April 2001, that Hamilton's 0906 and 0907 sentences were consecutive.

57. The Supreme Court held when prior rulings are clearly in error, the Superior Court could reconsider an earlier ruling. The Court's opinion mentions that Hamilton's assertions were never accepted because no one had bothered to check his records. The Prothonotary's records were accurate but had never been made part of Hamilton's record.

58. On September 30, 2003, the Supreme Court remanded for expedited proceedings to recalculate Hamilton's release date.

59. On October 3, 2003, Hamilton was released, four years and sixty-eight days after his correct release date.

60. As a direct and proximate result of the wrongful actions of the defendants, the plaintiff has been subjected to extreme pain, mental suffering, and mental anguish brought on by his extended, illegal and unwarranted imprisonment.

A-8

61.    As a direct and proximate result of the wrongful actions of the defendants, the plaintiff has been unable to go about his normal daily affairs, for more than four years because he was not released from incarceration as required by law on the appropriate day.

## COUNT I
### (Cruel and Unusual Punishment)

62.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

63.    Defendants are liable under 42 U.S.C. §1983 in that defendants acted under color of state law to deprive Plaintiff of rights secured by the Constitution.

64.    Defendants are state employees who violated the Eighth Amendment of the Constitution in that they inflicted cruel and unusual punishment on Plaintiff by unlawfully incarcerating him for four years and sixty-eight days.

65.    Defendants had knowledge of Plaintiff's contention that his release date was miscalculated and of the risk that Plaintiff might be unlawfully incarcerated because Plaintiff repeatedly notified defendants in writing that he would be or was being unlawfully incarcerated beyond his release date.

66.    Defendants showed deliberate indifference to the risk that Plaintiff would be deprived of a Constitutional right by failing to act or taking only ineffectual action in response to Plaintiff's contention.

67.    As to Defendant McBride, ineffectual actions include, but are not limited to, failure to respond to Plaintiff's grievances, repeatedly miscalculating Plaintiff's release date, failure to consult all of Plaintiff's sentencing records and status sheets when calculating Plaintiff's release date, failure to consult the Prothonotary's records with respect to Plaintiff's

A- 9

sentences, and failure to request sentence clarification for Plaintiff's sentences from the sentencing court.

68.    As to Defendants Snyder, Taylor, and Carroll, each of them to ineffectual action in their failure to investigate Plaintiff's grievances with respect to his release date, and failure to ensure that McBride performed her duties correctly, or to provide an effective means for Plaintiff's claims to be reviewed.

69.    As a result of Defendants' deliberate indifference to Plaintiff's problem, Defendants inflicted cruel and unusual punishment on Plaintiff by imprisoning Plaintiff unlawfully for four years and sixty-eight days.

## COUNT II
### (Deprivation of Liberty Without Due Process)

70.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

71.    Defendants are liable under 42 U.S.C. §1983 in that Defendants acted under color of state law to deprive Plaintiff of rights secured by the Constitution.

72.    Defendants are state employees who violated the due process provisions of the Fourteenth Amendment of the Constitution in that Defendants subjected Plaintiff or caused him to be subjected to deprivation of liberty without due process by unlawfully incarcerating him for four years and sixty-eight days.

73.    Defendants' existing custom and practice created an unreasonable risk of Plaintiff's unlawful detention, because an ineffective method was used to calculate Plaintiff's release date, and Plaintiff had no alternative, effective means to show that his release date was repeatedly miscalculated or to appeal Defendants' determinations that his release date was not incorrect.

A- 10

74.   Defendants never responded to Plaintiff's pre-deprivation grievance notifying them that he risked being held beyond his release date.

75.   In response to Plaintiff's later grievances, Defendants continued to miscalculate his release date, refused to provide starting and ending dates for each of his sentences, and failed to check Plaintiff's original records or to ask the court for sentence clarification.

76.   Defendants knew of the risk that prisoner's release dates could be miscalculated and that there was no effective means for a prisoner to appeal a determination that a release date was correct.

77.   In response to Plaintiff's repeated grievances and complaints, Defendant McBride was asked to recalculate his release date and again calculated it incorrectly. Plaintiff's complaint to the Commissioner was returned to the grievance committee who informed Plaintiff that his complaint was "not grievable."

78.   Plaintiff's petitions to the Superior Court were also ineffective, because Plaintiff did not have access to all of his sentencing documents and could not fully support his case.

79.   Defendants failed to establish a means through which Plaintiff could appeal the DOC's repeatedly incorrect recalculation of his release date. On information and belief, Defendants had not established any procedures for Plaintiff to appeal a decision from the grievance committee. Furthermore, the grievance officer told Plaintiff that McBride was not required to provide him with starting and ending dates for each of his sentences, a procedure which might have prevented the continued miscalculation of Plaintiff's release date.

A-11

80.    Defendants' failure to establish procedures for Plaintiff to appeal incorrect calculations of his release date demonstrated deliberate indifference to the risk that Plaintiff might be unlawfully detained.

81.    Defendants' failure to establish procedures for Plaintiff to appeal incorrect calculations of his release date resulted in Defendants' failure to give meaningful consideration to Plaintiff's problem.

82.    Plaintiff was deprived of his liberty for four years and sixty-eight days as a result of Defendants' failure to establish procedures for Plaintiff to appeal incorrect calculations of his release date.

## COUNT III
### (Unlawful Imprisonment)

83.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

84.    Defendants are liable for the tort of false imprisonment in that they unlawfully incarcerated Plaintiff for four years and sixty-eight days.

85.    Defendants intended to confine Plaintiff within boundaries fixed by Defendants, *i.e.*, the Delaware Correctional Center in Smyrna, Delaware.

86.    Defendants' acts directly or indirectly resulted in Plaintiff's unlawful confinement, because Defendants' repeated miscalculation of Plaintiff's release date and failure to provide any means to appeal the miscalculation caused Plaintiff to be unlawfully incarcerated for four years and sixty-eight days.

87.    Plaintiff was conscious of the confinement as evidenced by his repeated attempts to have his release date corrected and to be released from confinement.

A- 12

**WHEREFORE,** the plaintiff requests this Court to enter an order and judgment as follows:

a) Declaring that the plaintiff was illegally and unconstitutionally imprisoned by the defendants for a period of four years and sixty-eight days

b) Award the plaintiff sufficient damages to compensate him for the pain, mental suffering, and mental anguish brought about by his illegal and unconstitutional imprisonment, which deprived him of his liberty for a period of four years and sixty-eight days.

c) Award the plaintiff sufficient sums of money to compensate him for his inability to go about his normal daily affairs brought about by the illegal and unconstitutional imprisonment, which deprived him of his liberty for a period of four years and sixty-eight days.

d) Award the plaintiff the cost and attorney fees of this action.

e) Award the plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 5, 2004

Respectfully Submitted

Mr. Jerome K. Hamilton a/k/a
Cheikh Ahmed Elohim
Pro Se
320 East 5th Street Apt. 609
Wilmington, DE 19801

A- 13

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE     )    CRIMINAL ACTION NUMBERS
                 )
     VS          )    I-75-08-0180
                 )    ATTEMPTED ROBBERY
JEROME KERMIT HAMILTON,  )    FIRST DEGREE ( FELONY )
      Defendant     )
                 )    I-75-08-0181
                      BURGLARY SECOND DEGREE
                      ( FELONY )

IT IS THE SENTENCE OF THIS COURT THAT THE DEFENDANT SHALL:

AS TO I-75-08-0180:

1.  Pay the costs of prosecution.

2.  Be imprisoned for a period of seven (7) years beginning
    December 6, 1975 and ending December 5, 1982.

3.  The defendant will not be eligible for parole during the
    first three (3) years of this sentence.

AS TO I-75-08-0181:

1.  Pay the costs of prosecution.

2.  Be imprisoned for a period of five (5) years to run
    concurrently with the sentence imposed on the charge
    of Attempted Robbery First Degree.

AS TO BOTH:

1.  Be committed to the Department of Corrections for the
    purpose of carrying out this sentence.

May 28, 1976

_[signature]_ J.

RECEIVED

JUN 4 1976

RECCI... ... ...CS
ADULT CORRECTIONS

D00156

A-14

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE             .        CRIMINAL ACTION NUMBER

    VS.                      .        I-75-12-0279

JEROME K. HAMILTON,           .        ATTEMPTED THEFT
                                       ( MISDEMEANOR )
    Defendant                 .

IT IS THE SENTENCE OF THIS COURT THAT THE DEFENDANT SHALL:

1. Pay the costs of prosecution.

2. Be imprisoned for a period of two (2) years beginning
   at the termination of the sentence the defendant is now
   serving in I-75-08-C180 and ending two (2) years there-
   after.

3. Be committed to the Department of Corrections for the
   purpose of carrying out this sentence.

July 23, 1976

_Jumper Hmysbard_ J.

RECEIVED

AUG 9 1976

RECORDS & STATISTICS
ADULT CORRECTIONS

A-15

D00154

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
V. )
)
JEROME KERMIT HAMILTON )

I76-08-0906 through 0908

0906 - *Robbery 1st*

0907 - *Conspiracy 2nf*

0908 - *Dumissed*

O R D E R

UPON Motion having been made by the Attorney General of Delaware, through Deputy Attorney General Edward C. Pankowski, Jr., to have Jerome Kermit Hamilton declared an habitual criminal under the provisions of 11 Del. C. §4214,

IT appearing to the satisfaction of the Court that Jerome Kermit Hamilton falls within the provisions of 11 Del. C. §4214,

IT IS HEREBY ORDERED that Jerome Kermit Hamilton be, and hereby is, declared to be an habitual criminal under the laws of Delaware, and

IT IS FURTHER ORDERED that, consistent with 11 Del. C. §4214(b), Jerome Kermit Hamilton shall be imprisoned for the remainder of his natural life and that, consistent with 11 Del. C. 4214(b), such sentence shall not be subject to the probation or parole provisions of Chapter 43 of Title 11 of the Delaware Code of 1953, as amended.

RECEIVED

JAN 24 1977

RECORDS & STATISTICS
ADULT CORRECTIONS

SO ORDERED this 24th day

of _____ , 1977, A.D.

D00151

A-161

IN THE SUPERIOR COURT   OF THE STATE OF DELAWARE
IN AND FOR   NEW CASTLE   COUNTY

STATE OF DELAWARE
                              I    CR. A. NO. *1A86-04-1312*
        v                     I    SENTENCING ORDER
*Jerome Kermit Hamilton*      I    CHARGE *Conspiracy Second Degree*
                              I
    D.O.B. *10-25-48*         I
    Cr.I.D.# *3060 2348*      I
    SBI# *00088348*           I

DCC
BP
PP
PSI

### ORDER

NOW THIS *17th* DAY OF *Dec.*, 19*87*, IT IS THE ORDER OF THE COURT THAT:

1. The defendant is adjudged guilty of the offense charged.
   [ ] Probation is revoked.  [ ] Probation is continued.

2. The defendant is to pay costs of prosecution.
   [ ] Costs are hereby suspended.

3. The defendant pay a fine in the   amount   of  $_____*0*_____   plus a
fifteen    percent    (15%)    surcharge    for    the    "Victim    Compensation
Fund".   _____*0*_____ of the fine is suspended.

4. Effective *Dec. 17 1987*, the defendant is placed in the custody of the
Department of Correction at Supervision Level *5* for a period of *7 years*
_____ including credit for _____ days previously served. If the
defendant  is  presently  serving another sentence, this sentence shall begin at
the expiration of such other sentence being served, *that is beginning 1-22-2014*
*and ending 1-21-2021*
     [X] The first *7 years* years of this sentence is a  mandatory  term
of incarceration pursuant to statute *11 Del.C. § 4204(K)*

     [ ] After serving _____, the remainder of this sentence
is suspended for _____ at level _____.

5. Restitution is ordered as follows:
     Amount: $_____   Payable to _____
     Amount: $_____   Payable to _____
     Amount: $_____   Payable to _____
     Amount: $_____   Payable to _____

_____
Judge

Page 1 of *2*

S-3 Sentencing Order-Lead offense(9/28/87)

NAME: _Jerome Kermit Hamilton_    D.O.B. _10-25-48_

AS TO CR.A.No. _1N86-04-1313- Promoting Prison Contraband_ IT IS THE ORDER OF THE COURT THAT:

1. The defendant is adjudged guilty of the offense charged.

2. The defendant is to pay the costs of prosecution.
   [ ] Costs are hereby suspended.

3. The defendant is to pay a fine in the amount of $ _O_ plus a fifteen percent (15%) statutory surcharge for the "Victim Compensation Fund". $ _O_ of the fine is suspended.

5. The defendant be placed in the custody of the Department of Correction at Supervision Level _5_ for a period of _2 years_ .

   [X] The first _2_ years of this sentence is a mandatory term of incarceration pursuant to statute _11 Del. C. § 4204 (K)_ .

   [ ] After serving _____, the remainder of this sentence is suspended for _____ at level _____

   [X] This sentence shall be served CONSECUTIVELY to the sentence imposed in Cr. A. No. _1N86-04-1312, that is, beginning 1-21-2021 and ending 1-20-2023_

   [ ] The non-incarcerative portion of this sentence shall be served CONCURRENTLY with the non-incarcerative portion of the sentence imposed in Cr. A. No. _____.

5. Restitution is ordered as follows:
   Amount $ _____ Payable to _____
   Amount $ _____ Payable to _____
   Amount $ _____ Payable to _____
   Amount $ _____ Payable to _____

_____
Judge

S-4 Sentencing order- secondary offense(9/28/87)

A-18

D00144

IN THE   SUPERIOR COURT   OF THE STATE   DELAWARE
IN AND FOR   NEW CASTLE   COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | I | CR. A. NO.   IN76-08-0906 |
| V | I | SENTENCING ORDER |
| JEROME K. HAMILTON | I | ORIG. CHARGE ROBBERY FIRST DEGREE |
| | I | CHARGE PLED TO (LIO) |

D.O.B.   10-25-48      I    RESENTENCED
Def.I.D.#84004102      I
SBI# _____ I

## ORDER

NOW THIS ___2ND___ DAY OF SEPTEMBER19 88 , IT IS THE ORDER OF THE COURT THAT:

1. The defendant is adjudged guilty of the offense charged.
    [ ] Probation is revoked.  [ ] Probation is continued.

2. The defendant is to pay costs of prosecution.
    [x] Costs are hereby suspended.

3. The defendant pay a fine in the amount of $_____ plus a
fifteen percent (15%) surcharge for the "Victim Compensation
Fund". _____ of the fine is suspended.

4. Effective  JANUARY 24  19 77 and ending on _____ , the
defendant is placed in the custody of the Department of Correction at
Supervision Level __V__ for a period of __25 YEARS__ including credit
for _____ days previously served. If the defendant is presently serving
another sentence, this sentence shall begin at the expiration of such other
sentence being served.

    [X] The first _3_____years of this sentence is a mandatory term
of incarceration pursuant to statute _____

    [ ] After serving _____ , the remainder of this sentence
is suspended for _____ at level _____ .

5. Restitution is ordered as follows:
    Amount: $_____ Payable to _____
    Amount: $_____ Payable to _____
    Amount: $_____ Payable to _____
    Amount: $_____ Payable to _____

_____
Judge

Total Restitution ordered $_____
Total Vict. Comp. ordered $_____
Total Fines ordered       $_____
Total Costs ordered       $_____

Total Financial order     $_____

Page 1 of _2_

S-3 Sentencing Order-Lead offense(1/15/88)

D00137

A-19

ORIG. CHARGE: CONSPIRACY SECOND DEGREE
CHARGE PLED T LIO)_____

NAME: _____JEROME K. HAMILTON_____    D.O.B. ___10-25-48_____

AS TO CR.A.No. ___IN76-08-0907_____    IT IS THE ORDER OF THE
COURT THAT:

1. The defendant is adjudged guilty of the offense charged.

2. The defendant is to pay the costs of prosecution.
    [X] Costs are hereby suspended.

3. The defendant is to pay a fine in the amount of $_____ plus a
fifteen percent (15%) statutory surcharge for the "Victim Compensation Fund".
$_____ of the fine is suspended.

4. The defendant be placed in the custody of the Department of Correction at
Supervision Level __V__ for a period of ___7 YEARS_____.

    [ ] The first _____ years of this sentence is a mandatory term of
incarceration pursuant to statute _____.

    [ ] After serving _____, the remainder of this
sentence is suspended for _____ at level _____

    [ ] This sentence shall be served CONSECUTIVELY to the sentence imposed
in Cr. A. No. _____.

    [X] The non-incarcerative portion of this sentence shall be served
CONCURRENTLY with the non-incarcerative portion of the sentence imposed in Cr.
A. No. ___IN76-09-0906_____.

5. Restitution is ordered as follows:
    Amount $_____    Payable to _____
    Amount $_____    Payable to _____
    Amount $_____    Payable to _____
    Amount $_____    Payable to _____

_____
                Judge

S-4 Sentencing order- secondary offense(12/22/87)

A-20                                    D00138

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a/k/a          )
ELOHIM CHEIKH AHMED,               )
                                   )
            Plaintiff,             )
                                   )    Civil Action
v.                                 )    No. 04-1422 (GMS)
                                   )
CATHY L. GUESSFORD, REBECCA        )
MCBRIDE, ROBERT F. SNYDER,         )
THOMAS L. CARROLL, and, STANLEY)
W. TAYLOR, JR.,                    )
                                   )
            Defendants.            )


        Deposition of CATHY L. GUESSFORD taken pursuant
to notice at the law offices of Aber, Goldlust, Baker &
Over, 702 King Street, Wilmington, Delaware, beginning at
9:55 a.m., on Thursday, March 1, 2007, before Eleanor J.
Schwandt, Registered Merit Reporter and Notary Public.

APPEARANCES:

        GARY W. ABER, ESQ.
        ABER, GOLDLUST, BAKER & OVER
          702 King Street - Suite 600
          Wilmington, Delaware  19801
          for the Plaintiff

        MARC P. NIEDZIELSKI, ESQ.
        EILEEN KELLY, ESQ.
        DEPARTMENT OF JUSTICE
          820 North French Street - 6th Floor
          Wilmington, Delaware  19801
          for the Defendants


ALSO PRESENT:  JEROME K. HAMILTON


                WILCOX & FETZER
    1330 King Street -  Wilmington, Delaware 19801
                (302) 655-0477
                www.wilfet.com






Cathy L. Guessford

4

1    Q.    Well, discretionary means if a records clerk is

2    somebody that puts a paper in a proper file, that's

3    fairly mechanical, but you have to review things,

4    interpret things, make decisions?

5    A.    That's correct.

6    Q.    That's what I mean by discretionary.

7    A.    They, they would have to determine, when they

8    receive a sentencing order, basically, what does the

9    judge mean, what do we calculate, how do we calculate the

10   sentence, what is involved with the sentence.  So they do

11   have to make determinations before they can do the actual

12   calculation.

13   Q.    Okay.  And when that is done by the sentencing

14   clerk --

15                MR. NIEDZIELSKI:  Objection.

16                MR. ABER:  What is wrong with it?

17                MR. NIEDZIELSKI:  There is no sentencing

18   clerk.

19   Q.    Oh, records clerk.  Excuse me.  When that is done

20   by the records clerk, and they make a determination of

21   what the sentence is, is part of that decision when the

22   final day of the sentence is or when the sentence is

23   over?

24   A.    It is mostly when it would start.  The actual



WILCOX & FETZER LTD.
Registered Professional Reporters

A-22

Cathy L. Guessford

6

1    parole eligibility date.

2        Q.   Help me with the terms.  I don't practice that

3    much in this.  What is short-term release date?

4        A.   Short-term release date is the statutory good

5    time that's allowed by law for an offender to receive on

6    that specific amount of sentence.

7        Q.   So if someone has a five-year sentence is there a

8    set percentage for the short-term release date?

9        A.   Well, there is two sentencing laws, TIS and

10   non-TIS.

11       Q.   What are they?

12       A.   And they are specific.  The non-TIS --

13       Q.   What does TIS stand for?

14       A.   Truth in sentencing.

15       Q.   Okay.  Explain the two different.

16       A.   Truth in sentencing began in 1990, and that law

17   reduced the amount of good time that was given to

18   offenders on the length of their sentence.

19            Non-TIS, which was prior to the truth in

20   sentencing, what they call SENTAC, that has more good

21   time that is given off of the sentence.

22       Q.   Okay.  So if you are sentenced before 1990 you

23   are allowed to accumulate good time by the prior 1990

24   rules?

Cathy L. Guessford

22

1    A.    Judge Martin.

2    Q.    Okay.

3    A.    Robbery 1st.

4    Q.    Judge Martin.  One says Joshua Martin, mandatory

5    minimum, and Joshua Martin, standard.  Okay.  I see what

6    you say.  25 years?

7    A.    25 years.  It appears that the start date was

8    changed on the October status sheet.

9    Q.    The status sheet shows, Guessford 3, the June one

10   shows it is December 3rd, 1984 is the start date, and on

11   Guessford 2, the October 2003 one, the start date is

12   January 24th, 1977.  But then the next column, what does

13   the MED column stand for?

14   A.    That's the maximum expiration date.

15   Q.    That's when the 25 years expires?

16   A.    Yes.

17   Q.    On Guessford 3, it shows the 25-year sentence

18   would expire on December 2nd, 2009.  16 and 9, that's

19   right.  And on Guessford 2 it shows the 25 years would

20   expire on January 23rd, is that 1984?

21   A.    No.  For the 25 years it is January 23rd, 2002.

22   Q.    Oh, I'm sorry.  Okay.  I was reading the wrong

23   column.  And the column for STRD is what?

24   A.    That's the short-term release date, which takes

Cathy L. Guessford

23

1    the maximum expiration date, reduces it by the statutory

2    good time by law, and ends up with the short-term release

3    date.

4        Q.    And that changed from January 17th, 1999 to March

5    10th, 1991?

6        A.    Yes.

7        Q.    And then the last column, ADJ date is what?

8        A.    That is the adjusted release date, and that is

9    with meritorious credits.  Meritorious credits are the

10   credits that are earned in the facility for going to

11   school, working, programming.

12       Q.    And the other changes after that show the

13   sentences by Judges Longobardi and Balick, on Guessford

14   2, also were changed, am I correct, from Guessford 3 to

15   Guessford 2?

16       A.    Yes, they were.

17       Q.    And then they all, basically, they all went back

18   to an earlier date, correct?

19       A.    They all would have changed, yes.

20       Q.    But they are all earlier dates.  Guessford 2

21   shows, the October 2003 one shows that all the dates for

22   the sentence by Judge Longobardi and Judge Balick all

23   went back to earlier dates than sheen on Guessford 3 --

24   Guessford 2 -- Guessford 3?  I'm right.

Cathy L. Guessford

54

1   November 14th, 1988, marked Guessford 9?

2       A.   Yes.

3       Q.   How the errors occurred, you have no idea?

4       A.   No, I don't know.

5       Q.   You then went and in March 21st, 1996, as shown

6   on Guessford 13, you tried to correct the errors of

7   Guessford 12, the 101 form?

8       A.   Yes, I did.

9       Q.   And what did you do to make those corrections?

10  What corrections did you make?

11      A.   I went back and looked at all of the sentencing

12  orders that I had in the file, back to the one that began

13  on 12/6 of '75.

14      Q.   Okay.  Let's go back and look at those sentencing

15  orders.  12/6 of '75, that's back to Judge Stiftel's

16  orders?

17      A.   I believe it was Stiftel, yes.

18      Q.   Wait a second.

19          MR. NIEDZIELSKI:  Gary, can we take a break?

20          MR. ABER:  Sure.  Understand, during the

21  deposition you are not allowed to discuss this case with

22  your attorneys.

23          THE WITNESS:  Okay.

24          (Recess taken.)



Cathy L. Guessford

65

1    13, you started the 25-year sentence, as you just

2    testified to, in December of '84, adding an additional

3    seven years to his sentence, didn't you?

4        A.    I started it in 1975 and took into account that

5    seven years, yes.

6        Q.    You testified a minute ago that by your

7    calculations you came up with 43 years.  The 25-year

8    sentence of 096 began in December of 1984?

9        A.    Yes.

10       Q.    But Judge Martin said that sentence should begin

11   on January 24th, 1977, didn't he?

12       A.    Correct.

13       Q.    So by your calculation, you added an additional

14   seven years to his sentence because you started the 25

15   years in 1984 rather than 1977, didn't you?

16       A.    Yes.

17       Q.    And by what authority did you add that seven

18   years to his sentence?

19       A.    I had no authority.  It was an error, I believe.

20       Q.    When you did this recalculation in preparing

21   Guessford 13, did you at any time go back and tell

22   anybody that your sworn affidavit, marked Guessford 11,

23   was erroneous?

24              MS. KELLY:  What are we looking at?

**W&F**

WILCOX & FETZER LTD.
Registered Professional Reporters

A-27

Cathy L. Guessford

66

1    Q.    I'm looking at Guessford 11, your affidavit.  You

2    had previously sworn an affidavit saying his short-term

3    release date, Mr. Hamilton's short-term release date was

4    July 17th, 1999, and you made that statement under oath.

5    Did you ever go back and tell anybody, I have made a

6    mistake, because in 1996 I calculated short-term release

7    date as being in 2004?

8    A.    No.  I don't -- I didn't talk to anybody, in the

9    Attorney General's Office, are you asking?

10   Q.    In your department, any place?

11   A.    No, I don't believe so.

12   Q.    Did you recall when you did the recalculation in

13   1996 your prior sworn statement as to the short-term

14   release date?

15   A.    I'm sorry?

16   Q.    When you did the recalculation of Guessford 13

17   and 14 in 1996, you were doing those recalculations and

18   you reviewed the file.  Did you recall your sworn

19   statement that the short-term release date you had

20   represented in 1992 was July 17th, 1999?

21   A.    I didn't recall at the time, no.

22   Q.    And you now know that you were correct in your

23   1992 affidavit, weren't you?

24   A.    Where is the 1992?  Should have been 1999.

Cathy L. Guessford

69

1    Q.    Which you agree now was erroneous?

2    A.    Yes.

3    Q.    Can you identify what has been Bates stamped

4    D00169?

5    A.    Sorry.

6          MS. KELLY:  Do you have one for me?

7    Q.    I'm asking her to identify it.  If she can't

8    identify it I'm not going to --

9    A.    This is meritorious credit sheet where when

10   offenders work or go to programs can earn meritorious

11   credits.

12   Q.    Is that the same thing or is that --

13   A.    No, that's different.

14   Q.    Let's mark that as Number 19.

15         (Guessford Deposition Exhibit 19 was marked

16   for identification.)

17   Q.    What is the difference between good time and

18   meritorious credit?

19   A.    Statutory good time is what the law requires that

20   we give an offender for good behavior.

21         The meritorious credits, the law provides

22   for offenders to work and go to school and attend

23   programs, and for that they can get meritorious credits,

24   which will reduce their sentence.

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.,        )
CHEIKH AHMED ELOHIM,               )
                                   )
          Plaintiff,               )
                                   )  Civil Action No.
v.                                 )  04-1422-GMS
                                   )
CATHY L. GUESSFORD, REBECCA        )
McBRIDE, ROBERT F. SNYDER, THOMAS  )
L. CARROLL, and STANLEY W. TAYLOR, )
JR.,                               )
                                   )
          Defendants.              )
```

          Deposition of REBECCA L. McBRIDE taken
pursuant to notice at the law offices of Aber,
Goldlust, Baker & Over, 702 King Street, Suite 600,
Wilmington, Delaware, beginning at 11:07 a.m. on
Friday, April 13, 2007, before Christina M. Vitale,
Certified Shorthand Reporter and Notary Public.

APPEARANCES:

          GARY W. ABER, ESQUIRE
          ABER, GOLDLUST, BAKER & OVER
            702 King Street, Suite 600
            Wilmington, Delaware  19801
            For the Plaintiff

          MARC P. NIEDZIELSKI, DEPUTY ATTORNEY GENERAL
          EILEEN KELLY, DEPUTY ATTORNEY GENERAL
          STATE OF DELAWARE DEPARTMENT OF JUSTICE
            820 N. French Street
            Wilmington, Delaware  19801
            For the Defendants


ALSO PRESENT:  JEROME K. HAMILTON


                  WILCOX & FETZER
     1330 King Street - Wilmington, Delaware 19801
                   (302) 655-0477
                   www.wilfet.com
```



**WILCOX & FETZER LTD.**
Registered Professional Reporters



A-30

Rebecca L. McBride

19

1    Q.    And then modified to 25 years?

2    A.    Correct.

3    Q.    I'm going to hand you what has been previously

4    marked Guessford-5.  Have you reviewed the Guessford

5    deposition previous to today?

6    A.    No.

7    Q.    Did you review the exhibits from the Guessford

8    deposition prior to today?

9    A.    No.

10           MR. NIEDZIELSKI:  Do you have another one?

11           MR. ABER:  Five, yes.

12   BY MR. ABER:

13   Q.    Guessford-5 is the sentencing for indictment

14   0906, which is shown on Guessford-2, correct?

15   A.    Correct.

16   Q.    And shows 25 years, correct?

17   A.    Correct.

18   Q.    Beginning as of January 24, 1977, correct?

19   A.    Well, actually, that was the original

20   sentencing date of his life sentence.

21   Q.    But this order by the Judge says the effective

22   date of the 25 years is January 24, 1977, doesn't it?

23   A.    That's correct, that's what the orders says,

24   and, as I indicated, that was actually the original

Rebecca L. McBride

20

1   sentencing date on his life sentence.

2       Q.    But this is an order by the Judge, isn't it,

3   Guessford-5?

4       A.    It is Guessford-5.

5       Q.    And says the 25 years is effective as of

6   January 24, 1977, doesn't it?

7       A.    The order does say that, that is correct.

8       Q.    Is there any reason why that 25 years should

9   not start as ordered by the Judge?

10      A.    The reason why it would not start on the actual

11  sentencing date from his original life sentence is due

12  to the fact that this is his third re-sentencing and

13  he was currently serving other sentences and the

14  logical sentence sequence would be from one sentence

15  to flow after another running consecutive.  This does

16  not indicate that this is to run concurrent.  It's

17  just indicating that effective date, as I indicated

18  earlier, due to the fact that that was his original

19  sentencing date sentencing him to life and at that

20  point originally that life sentence would have started

21  on January 24th as would a death sentence.

22      Q.    Of what year?

23      A.    Of 1977.

24      Q.    But the order by Judge Martin on Guessford-5

Rebecca L. McBride

29

1    A.    Truth in sentencing.  Bottom line is sentences

2   run consecutive to one another.  From my experience

3   and on-the-job training I know prior to 1977 if the

4   court so ordered sentences could run concurrent.  They

5   would have --

6              (Brief interruption.)

7              THE WITNESS:  Would you please read it

8   back.

9              (The last answer was read back by the court

10  reporter.)

11  BY MR. ABER:

12   A.    They would have to indicate that as such on the

13  order, though, to allow us to run them concurrent to

14  one another, okay?  Otherwise, we have to run the

15  sentences consecutive to one another, one after the

16  other.

17   Q.    When did the truth in sentencing go into

18  effect?

19   A.    Truth in sentencing went into effect in July of

20  1990, if I recall correctly.

21   Q.    1990?

22   A.    I believe so.

23   Q.    And is that the date that from your

24  understanding the legislature said there can be no

Rebecca L. McBride

68

1    years.

2    Q.    The seven years is not marked as consecutive to

3    anything, is it?

4    A.    No.

5    Q.    So, if it's not marked consecutive to anything

6    it means it to be served concurrently?

7             MR. NIEDZIELSKI:    Objection.

8    BY MR. ABER:

9    A.    No.

10   Q.    Did the Judge make a mistake when he failed to

11   check off consecutively?

12   A.    I can't testify to what the Judge was thinking

13   back in 1988.

14   Q.    The Judge's order does not indicate any

15   consecutive sentence for that seven-year sentence,

16   does it?

17   A.    And it does not indicate concurrent either.

18   Q.    By not marking consecutive was the sentence to

19   be consecutive anyway even though the Judge -- I'm

20   trying to understand where do you get the

21   understanding that that seven years would be

22   consecutive if the Judge specifically did not mark it

23   consecutive?

24   A.    The logical sequence.  As I indicated earlier,

Rebecca L. McBride

69

1   all level five's run consecutive to one another,

2   otherwise, what would be the purpose of sentencing Mr.

3   Hamilton on the seven or eight charges that he was

4   sentenced to?  Level five's will always run

5   consecutive unless the Judge specifically indicates in

6   their order that he wishes for them to run concurrent.

7      Q.   You know of no rule, regulation or statute that

8   provides that?

9      A.   As I indicated several times earlier, I do not

10  recall any rule.  It's based on experience and

11  training.

12     Q.   After Judge Martin reduced the 906 and 907 to

13  30 years we then come to Judge Balick's --

14             MR. NIEDZIELSKI:  You said 30, did you mean

15  25?

16             MR. ABER:  No, I'm doing this in order.

17  BY MR. ABER:

18     Q.   Next sentence is Judge Balick's sentence shown

19  on Guessford-17.

20     A.   So, we have got the original seven and then the

21  two and the last, the third re-sentencing on the

22  original life --

23     Q.   I'm doing this in chronological order.  We have

24  Guessford-17 is Judge Balick's sentence for 1312 and

Rebecca L. McBride

96

1              (Brief recess.)

2              MR. ABER:   One or two last questions.

3    BY MR. ABER:

4      Q.   Go back to Guessford-2 --

5              MR. ABER:   I don't have any other

6    questions.

7    BY MR. NIEDZIELSKI:

8      Q.   Ms. McBride, you have been asked a lot of

9    questions today.   Does an inmate have a copy of each

10   one of the sentence calculations that is done?

11     A.   Yes, when there is a change we send a copy of

12   the status sheet.

13     Q.   If they don't agree with it, what do they do?

14     A.   They would go back to the sentencing judge

15   indicating that they feel as if there is a discrepancy

16   in their sentence calculation.

17     Q.   And do they do that frequently?

18     A.   Yes.

19     Q.   You don't determine what the sentence is, do

20   you?

21             MR. ABER:   Objection.

22   BY MR. NIEDZIELSKI:

23     A.   No.

24     Q.   If you need clarification on a particular

**W&F**

**WILCOX & FETZER LTD.**
Registered Professional Reporters

A-36

# SENTENCE STATUS REPORT

DELAWA· DEPARTMENT OF CORRECTION

| NUMBER | COMMITMENT NAME | INSTITUTION/AGENCY | DATE OF REPORT |
|---|---|---|---|
| 519694 | Hamilton, Jerome K. | DCC | 11-14-88 |

A SENTENCE STATUS REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY CHECKED SECTION(S)

**[ ] 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:**

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | JUDGE - MAGISTRATE |
|---|---|---|---|---|
| MO. | DAY | YR. | | |
| 04 | 11 | 86 | IN76-08-0906,0907  SC,NCC | Martin |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| 37 | 00 | 00 | 11 | 10 | 17 | 25 | 01 | 13 | 01 | 24 | 77 |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |
| 01 | 22 | 2014 | 09 | 05 | 22 | 03 | 14 | 2002 | 07 | 07 | 86 |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | SUSPENDED | | |

**SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE** — OFFENSES

*Reduction of sentence granted on 4-11-86 by Judge Martin. As to (0906)* — *Robbery 1st.*
*To serve 30 yrs. beg. 1-24-77. As to (0907) to serve 7 yrs. consec.* — *Conspiracy 2nd.*
*Mandatory 3 yrs. on Robbery 1st. GT/PE computed on 37 yrs.*

**[X] 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:**

| TYPE OF CHANGE: | [ ] OVERLAPPING CONCURRENT SENT. | [ ] CONSECUTIVE SENT. | [ ] UNDERLAPPING CONCURRENT SENT. | [ ] RECONSIDERED SENTENCE | [ ] CORRECTED COMMITMENT | [X] COMMUTED SENTENCE | [ ] RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|---|

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | JUDGE - MAGISTRATE |
|---|---|---|---|---|
| MO. | DAY | YR. | | |
| 10 | 13 | 88 | IN76-08-0906,0907 | Martin |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. | DAY | YR. |
| 25 | 00 | 00 | 07 | 11 | 07 | 17 | 00 | 23 | 01 | 24 | 77 |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. | DAY | YR. | YRS. | MOS. | DAYS | MO. | DAY | YR. | MO. | DAY | YR. |
| 01 | 23 | 2002 | 06 | 05 | 27 | 02 | 21 | 94 | 07 | 18 | 83 |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|

**SPECIAL CONDITIONS: PAROLES - PROBATIONS - REMARKS ON SENTENCE** — OFFENSES

*·Reduction of sent. granted 10-13-88 by Judge Martin. As to (0906) Be* — *Robbery 1st.*
*imprisoned 25 yrs. at Level V Beginning 1-24-77. First 3 yrs. mandatory.* — *Conspiracy 2nd.*
*As to (0907), Be imp. for 7 yrs. a Level V Concurrent with previous sent.*
*GT/PE computed on 25 yrs.*

**3. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS:**

| FROM (INCLUDING ADDRESS) | | CHARGING | |
|---|---|---|---|
| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS | |

**4. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:**

| FROM (INCLUDING ADDRESS) | | CHARGING | |
|---|---|---|---|
| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |

**5.**

*Earned 234 days meritoious credits, making STRD 07-02-93*
*PE 02-23-85*

*Held for SC,NCC Theft(F) 3 counts, Conspiracy II., in default of $2000.00 Bail.*

Page 1

| REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S NAME - TITLE |
|---|---|
| S. Daniels | S. Daniels-Statistical Clerk II |

1. PRISONER'S COPY    2. RECORDS AND STATISTICS    3. WARDEN OR DRP-COPY    4. INSTITUTION-AGENCY FILES    5. IBM

A-37

# SENTENCE STATUS REPORT

DELAW E DEPARTMENT OF CORRECTION

| NUMBER | COMMITMENT NAME | | INSTITUTION/AGENCY | DATE OF REPORT |
|---|---|---|---|---|
| 519694 | Hamilton, Jerome K. | | DCC | 11-14-88 |

**A SENTENCE STATUS REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY CHECKED SECTION(S)**

**1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:**

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|
| MO. 10 | DAY 13 | YR. 88 | IN76-08-0906,0907 | Martin | | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. 25 | MOS. 00 | DAYS 00 | YRS. 07 | MOS. 11 | DAYS 07 | YRS. 17 | MOS. 00 | DAYS 23 | MO. 01 | DAY 24 | YR. 77 |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. 01 | DAY 23 | YR. 2002 | YRS. 06 | MOS. 05 | DAYS 27 | MO. 02 | DAY 21 | YR. 94 | MO. 07 | DAY 18 | YR. 83 |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS; PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| Reduction of sent. granted 10-13-88 by Judge Martin. As to (0906) Be impr. 25 yrs. at Level V beginning 1-24-77. First 3 yrs. mandatory. As to (0907), be imp. for 7 yrs. at Level V concur. with previous sent. GT/PE computed on 25 yrs. | Robbery 1st. Conspiracy 2nd. |

**X 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:**

| TYPE OF CHANGE: | ☐ OVERLAPPING CONCURRENT SENT. | ☒ CONSECUTIVE SENT. | ☐ UNOVERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | ☐ RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|---|

| DATE SENTENCED OR CHARGED | | | INDICTMENTS - TERM - COURT | JUDGE - MAGISTRATE | | |
|---|---|---|---|---|---|---|
| MO. 12 | DAY 17 | YR. 87 | IN86-04-1312,1313  SC,NCC | Balick | | |

| MAXIMUM - FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. 09 | MOS. 00 | DAYS 00 | YRS. 10 | MOS. 10 | DAYS 27 | YRS. 23 | MOS. 01 | DAYS 03 | MO. 01 | DAY 23 | YR. 2002 |

| MAX - FT - EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX - GT - EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. 01 | DAY 22 | YR. 2011 | YRS. 08 | MOS. 08 | DAYS 27 | MO. 03 | DAY 07 | YR. 2000 | MO. 10 | DAY 15 | YR. 85 |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| SPECIAL CONDITIONS; PAROLES - PROBATIONS - REMARKS ON SENTENCE | OFFENSES |
|---|---|
| As to 1312- sent. to 7 yrs. at Level V consec. to above sent. As to 1313 to serve 2 yrs.at Level V consec.. GT/PE computed on total of 34 years. 3 years mandatory expires 1-23-80. | Conspiracy 2nd. Promoting prison Contraband |

**3. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS:**

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

**4. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:**

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

**5.**

Earned 234 days meritorious credits, making STRD 7-17-99
PE 2-23-85

Held for SC, NCC - Theft (F) 3 counts, Conspiracy 2nd, in default of $2000.00 Bail.
1-23-89

Void 103 dated 12-29-87
CC: Inmate 9/19/95   PHS.   Page 2

| REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S NAME - TITLE |
|---|---|
| E. Daniels | S: Daniels-Statistical Clerk II |

A-38

SENTENCE STATUS REPORT

DELAWARE DEPARTMENT OF CORRECTION

| NUMBER | COMMITMENT NAME | INSTITUTION-AGENCY | DATE OF REPORT |
|---|---|---|---|
| 088348 | Hamilton, Jerome | DCC | 3/21/96 |

A SENTENCE STATUS REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY CHECKED SECTION(S)

**XX 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:**

| DATE SENTENCED OR CHARGED | | | INDICTMENTS · TERM · COURT | JUDGE · MAGISTRATE | |
|---|---|---|---|---|---|
| MO. 01 | DAY 24 | YR. 77 | | | |

| MAXIMUM · FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. 46 | MOS. 00 | DAYS 00 | YRS. | MOS. | DAYS | YRS. | MOS. | DAYS | MO. 12 | DAY 06 | YR. 75 |

| MAX · FT · EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX · GT · EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. 01 | DAY 20 | YR. 2023 | YRS. | MOS. | DAYS | MO. 08 | DAY 06 | YR. 2007 | MO. 02 | DAY 29 | YR. 88 |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

| TIONS · REMARKS ON SENTENCE | OFFENSES |
|---|---|
| | |

**XX 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:**

| TYPE OF CHANGE: | ☐ OVERLAPPING CONCURRENT SENT. | ☐ CONSECUTIVE SENT. | ☐ UNDERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | XXX RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|---|

| DATE SENTENCED OR CHARGED | | | INDICTMENTS · TERM · COURT | JUDGE · MAGISTRATE |
|---|---|---|---|---|
| MO. 05 | DAY 28 | YR. 76 | 75-08-0180, 75-12-0279, 76-08-0906,0907,   SC,NCC 86-04-1312,1313 | Stiftel, Longobardi, Martin, Balick |

| MAXIMUM · FULL TERM | | | GOODTIME AMOUNT | | | MAXIMUM - GOODTIME | | | EFFECTIVE DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| YRS. 43 | MOS 00 | DAYS 00 | YRS. 13 | MOS. 10 | DAYS 07 | YRS. 29 | MOS. 01 | DAYS 23 | MO. 12 | DAY 06 | YR. 75 |

| MAX · FT · EXPIRATION DATE | | | PAROLE ELIGIBILITY GOODTIME | | | MAX · GT · EXPIRATION DATE | | | PAROLE ELIGIBILITY DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MO. 12 | DAY 01 | YR. 2018 | YRS | MOS. | DAYS | MO. 01 | DAY 31 | YR. 2005 | PAST | | |

| FINES | COSTS | RESTITUTION | BAIL |
|---|---|---|---|
| | | | |

Verified 3-21-96, reo

SPECIAL CONDITIONS: PAROLES · PROBATIONS · REMARKS ON SENTENCE  As to (0180) sent. to serve 7 yrs. beg. 12/6/75. As to (0279) sent. to serve 2 yrs. consecutvie. As to (0906) sent. to serve 25 yrs. consecutive. As to (0907) sent. to 7 yrs. concurrent. As to (1312) sent. to serve 7 yrs. consec. As to (1313) sent. to serve 7 yrs. consec. GT and PE computed on total sentence of 43 years.

OFFENSES  Robbery 1st, Conspiracy 2nd,(2) Burg. 2nd, Att. Rob. 1st, Att. Theft, Promote Prison Contraband

**3. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS:**

| FROM (INCLUDING ADDRESS): | | CHARGING |
|---|---|---|
| | | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

**4. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:**

| FROM (INCLUDING ADDRESS): | | CHARGING |
|---|---|---|
| | | |

| DETAINER DATE | INDICTMENT-WARRANT NOS | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

**5.**   Section #2- This DC103 to show correction of time to serve of 43 years, not 46 years. Earned 234 days making STRD 6/11/2004

D00092

sent copy 11/13/96 CJW

Sent copy 2/1/99 ely

REPORTING OFFICER'S SIGNATURE
C. Guessford

REPORTING OFFICER'S NAME · TITLE
C. Guessford, Records Supervisor

A-39

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.,           )
CHEIKH AHMED ELOHIM,                  )
                                )
        Plaintiff,                )
                                )
        v.                        )      C.A. No. 04-1422-GMS
                                )
CATHY L. GUESSFORD, REBECCA            )
MCBRIDE, ROBERT F. SNYDER,             )
THOMAS L. CARROLL, and                 )
STANLEY W. TAYLOR, JR.,                )
                                )
        Defendants.               )

## DEFENDANT CATHY L. GUESSFORD'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS

    1.    Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

    2.    Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

    3.    Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon her not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

    4.    Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in her possession, custody or control.

5.      Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6.      Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.      Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from her counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1.      Identify each person who for purposes of this litigation was interviewed or from whom statements have been secured by you, your attorneys or other representatives and set forth the sum and substance of each such statement.

**RESPONSE:**      Objection. This Interrogatory seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, to date, there are none.

2.      Identify each person you intend to call as an expert witness at the trial of this matter. Include for each such expert, his or her area of expertise, qualifications, the

A-41

matter for which he or she will be called to testify and a summary of his or her finding and opinions as well as basis therefore.

**RESPONSE:**          To date, Answering Defendant has not yet retained any expert witnesses, but reserves the right to do so. Any information pertaining to expert witnesses will be disclosed pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(2).

3.          Identify each and every witness whom you intend to call trial or at trial and set forth the sum and substance of each such persons expected testimony.

**RESPONSE:**          Objection. This Interrogatory is premature at this stage in the litigation. This Response will be supplemented.

4.          Identify each and every document which you intend to introduce as evidence at the trial of the above reference matter.

**RESPONSE:**          Objection. This Interrogatory is premature at this stage in the litigation. This Response will be supplemented.

5.          Defendants individually and separately please set forth your professional education and professional employment including the names of positions, dates held and job responsibilities.

**RESPONSE:**          I graduated from high school in 1972 and from college in 1993 with a degree in criminal justice. I have been with the Department of Correction since 1978, was Records Clerk from 1978 until 1986, Records Supervisor from 1986 until 1998, Information Resource Manger from 1998 until 2005 and Director of Offender Records from 2005 until the present.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JEROME K. HAMILTON, a.k.a., CHEIKH AHMED ELOHIM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1422-GMS |
| CATHY L. GUESSFORD, REBECCA MCBRIDE, ROBERT F. SNYDER, THOMAS L. CARROLL, and STANLEY W. TAYLOR, JR., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT REBECCA MCBRIDE'S RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

1.    Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.    Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon her not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.    Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in her possession, custody or control.

*A-43*

5.     Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6.     Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.     Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from her counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1.     Identify each person who for purposes of this litigation was interviewed or from whom statements have been secured by you, your attorneys or other representatives and set forth the sum and substance of each such statement.

**RESPONSE:**     Objection. This Interrogatory seeks production of information protected from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, to date, there are none.

2.     Identify each person you intend to call as an expert witness at the trial of this matter. Include for each such expert, his or her area of expertise, qualifications, the

A-44

matter for which he or she will be called to testify and a summary of his or her finding

and opinions as well as basis therefore.

**RESPONSE:**    To date, Answering Defendant has not yet retained any expert

witnesses, but reserves the right to do so.  Any information pertaining to expert witnesses

will be disclosed pursuant to the requirements of Federal Rule of Civil Procedure

26(a)(2).

     3.    Identify each and every witness whom you intend to call trial or at trial

and set forth the sum and substance of each such persons expected testimony.

**RESPONSE:**    Objection.  This Interrogatory is premature at this stage in the

litigation.  This Response will be supplemented.

     4.    Identify each and every document which you intend to introduce as

evidence at the trial of the above reference matter.

**RESPONSE:**    Objection.  This Interrogatory is premature at this stage in the

litigation.  This Response will be supplemented.

     5.    Defendants individually and separately please set forth your professional

education and professional employment including the names of positions, dates held and

job responsibilities.

**RESPONSE:**    I graduated from college in 1983.  I started working for the

Department of Correction in 1996, first in Treatment Services, then as Records

Supervisor, from 1998 until 2005, then as Information Resources Manager, from 2005

until the present.

     6.    Defendants individually and separately was you aware and did you

received on Jerome K. Hamilton, a sentence order and commitment paper from Superior

A-45

2-H
McBride

CORRECTIONAL FACILITY: _V.C.C._

## GRIEVANCE FORM

DATE: November 22, 1999.

NAME: Jerome Hamilton    NO: 088348    HOUSING UNIT: MSU/A-U-4.

### DESCRIPTION OF THE PROBLEM:

(BRIEFLY STATE THE REASON FOR THE GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT, IF ANY).

Grievant is writing this grievance against (Cathy L. Guessford/ Records Supervisor), because on March 21, 1996 they recomputed my sentence totally wrong. And Grievant, have inform (Rebecca McBride/ Records Supervisor), of this mistake above, about recomputed my sentence wrong but she refuse to correct this error. Grievant sentence as to (1N75-08-0180), to serve seven years beginning November 6, 1975. And Grievant, sentence as to (1N75-12-0279) to serve two beginning on July 23, 1976. Grievant sentence as to (1N76-08-0906) to serve 25 years beginning on January 24, 1977. All Grievant, above sentences was separate and was active running at the same time, meaning it was concurrent sentences.

SIGNED: Jerome Hamilton    DATE: Nov. 23, 1999.

REPRESENTATIVE REQUESTED:_____(YES) _____(NO)    WHO: _____

ACTION REQUESTED BY RESIDENT: Grievant want (Rebecca McBride/ Rords Supervisor), and Warden Robert Snyder, to knowledge grievant correct short release date on or about July 17, 1999. Because Grievant, is doing only 34 years. Grievant is being illegally detained against my will by Rebecca McBride, and Warden Robert Snyder are holding grievant illegally.

THIS INFORMAL RESOLUTION IS ACCEPTED:
(TO BE COMPLETED ONLY IF RESOLVED PRIOR TO HEARING)

CC: Inmate Filed:    GRIEVANT SIGNATURE: _____

RECEIVED
CHIEF, BUREAU OF PRISONS

DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE RESOLUTION COMMITTEE (RGRC).

AUG 04 2000

FORM #: 584 (F&B)

DEC 2 1999
9912023
INMATE GRIEVANCE CHAIR    A-44

D00007

**DCC –
Office of Records
Supervisor**

# Memo

**To:**    Sgt. Doreen Williams, Inmate Grievance Officer

**From:**    Rebecca L. McBride, DCC Records Supervisor

**CC:**    Jack Stevenson, Sr. Correctional Counselor

**Date:**    03/22/00

**Re:**    Inmate Jerome Hamilton, Grievance #9912023

---

Once again, upon review of Inmate Hamilton's file, I find that the sentence calculation has been done correctly. The only discrepency I find, is that he was given 234 days credit for good time instead of 231 days per the memo from Bert T. Burslem, Dept. of Corrections on 3/2/83. This would make his short time release date 6/14/2004 as of 3/22/00, not 6/11/2004 per the status sheet dated 3/21/96. Inmate Hamilton has a total of 43 years to serve at a Level 5 facility, which is as follows:

| | | | | |
|---|---|---|---|---|
| 1 | - | 5/28/76 | I-75-08-0180 (Attempt. Robbery 1$^{st}$) | 7 yrs. |
| | | | I-75-08-0181 (Burglary 2$^{nd}$) | 2 yrs. |
| | | | (The above sentences run concurrent/together) | |
| 2 | - | 7/23/76 | I-75-12-0279 (Attempt. Theft) | 2 yrs. |
| | | | (To run consecutive to I-75-08-0180) | |
| 3 | - | 3/2/83 | Memo from Bert T. Burslem, DOC | 231 days credit |
| | | | (Memo granting credit for good time) | |
| 4 | - | 12/17/87 | IN-86-04-1312 (Conspiracy 2$^{nd}$) | 7 yrs. |
| | | | (To run consecutive to above) | |
| | | | IN86-04-1313 (Prom. Prison Contraband) | 2 yrs. |
| | | | (To run consecutive to above) | |

A-47

D00011

| 5 | - | 9/2/88 | IN76-08-0906 (Robbery 1st) (Resentenced) | 25 yrs. |

(To run consecutive to above)

| | | | IN-76-08-0907 (Conspiracy 2nd) | 7 yrs. |

(To run concurrent to IN76-08-0906/together)

Above is a break down of Inmate Hamilton's sentencing structure, giving him a total of 43 years to serve. Inmate Hamilton had been sentenced as a Habitual Offender and had originally been given a Life Sentence for the Robbery 1st and Conspiracy 2nd in Case #'s IN76-08-0906 & IN76-08-0907. His sentence was overturned on 9/2/88 and resentenced to a total of 25 years (the 7 years for the Conspiracy 2nd to run concurrent with Robbery 1st).

Each Level 5 sentence other than those that ran concurrent with one another would run consecutive to one another, at the expiration of each, the next sentence would begin. Bottom line is that Inmate Hamilton's sentence has been calculated correctly and his short time release date is 6/14/2004.

Thank you.

D00012

A-48

**FORM   #584 A**

**R.G.C. RECOMMENDATION**

**THIS MUST BE COMLETED & RETURNED TO THE I.G.C. WITHIN 30 CALENDAR DAYS**

GRIEVANT'S NAME: Jerome Hamilton          SBI #: 088348          CASE #: 9912023

The Committee recommends that this grievance be denied because it cannot entertain the action requested. Every effort has been made by the Records Supervisor to review the sentence calculation and it has been found that the short time release date is 10/14/2004.

R.G.C. MEMBERS:

INMATE REPRESENTATIVE: _____

INMATE REPRESENTATIVE: I/m Hamilton Waived 2nd Inmate Representative

COUNSELOR: _Jack W. Stephenson_

SECURITY: _Capt. Joseph H. Belf_

INMATE GRIEVANT CHAIRPERSON: c/o Rosalie Chilton    c/o Rosalie Chilton

CC: INSTITUTION FILE
    GRIEVANT

April '97 REV

D00004

A-49

FORM 548B

WARDEN'S OR WARDEN'S DESIGNEE'S DECISION

TO BE COMPLETED AND RETURNED TO THE IGC WITHIN TEN CALENDAR DAYS

GRIEVANT'S NAME: Hamilton, Jerome          AKA:

SBI #: 088348                              CASE #:  9912023

HOUSING UNIT:  MSU
/////////////////////////////////////////////////////////////////////
Grievance is denied.  The Record Supervisor has reviewed Inmate
Hamilton's record and sentencing order(s) and determined that his
sentence is calculated correctly.  The Records Supervisor sent a copy
of his status sheet to Inmate Hamilton.


**RECEIVED**

**JUL 2 6 2000**

_Elizabeth Burris_                    _7/25/00_              **INMATE GRIEVANCE CHAIR**
WARDEN/WARDEN'S                        DATE
DESIGNEE SIGNATURE

        I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)

                    YES: ✓✓                            NO:_____

_Jerome Hamilton_            **RECEIVED**       _July 28, 2000_
GRIEVANT'S SIGNATURE                            DATE
                             **AUG 0 2 2000**

_JHMM_                       **INMATE GRIEVANCE CHAIR**
I.G.C. SIGNATURE                                DATE

REV:JAN/97      ORIGINAL:INSTITUTION FILE              COPY:GRIEVANT

_on time, did not check boxes_
_on the 1st._

D00003

A-50

**DEPARTMENT OF CORRECTION**
Bureau of Prisons
245 McKee Road
Dover, Delaware  19904

August 11, 2000

Inmate Jerome Hamilton
SBI # 088348
DCC
Smyrna, Delaware 19977

Dear Mr. Hamilton:

We have reviewed your grievance dated 10-11-99 requesting a change to your Short Term Release Date.  Upon review of the factual evidence presented, we concur with the Deputy Warden's decision dated 07-25-00.

This reply covers grievance case #9912023.  The amount of time taken to respond to this grievance clearly exceeds the 180 day limit set in BOP 4.4.  This administrative mistake, however, doesn't nullify the Deputy Warden's decision.  Our case review, however,  examined several key factors.  First, institutional staff are held accountable for their actions by their supervisors and the Warden.  Second, neither has found fault with the actions taken by staff on the dates indicated.  Third, BOP Procedure 4.4 promotes administrative remedies to offender issues.  Once you file a law suit against the Department of Correction and its employees, the State Attorney General's Office takes control and the institutional grievance case is closed.

Accordingly, there is no further issue to mediate nor Outside Review necessary as provided by BOP Procedure 4.4 entitled "Inmate Grievance Procedure", Level III appeals.

Sincerely,                                       RECOMMENDATION APPROVED:

Richard E. Seifert                          Paul W. Howard                    8/16/01
Bureau Grievance Officer              Bureau Chief                       Date:

cc:    BGO file
       Robert E. Snyder, DCC Warden

RECEIVED

AUG 22 2000

INMATE GRIEVANCE CHAIR

D00001

A-51

SUPERIOR COURT
OF THE
STATE OF DELAWARE

NORMAN A. BARRON
*JUDGE*

Submitted:  June 22, 2000
Decided:  June 27, 2000

DANIEL L. HERRMANN COURTHOUSE
WILMINGTON, DE 19801-3353

Mr. Jerome K. Hamilton
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

RE:  *Petition for Writ of Habeas Corpus - CA No. 00M-06-0110-NAB
State v. Jerome K. Hamilton, ID Nos. 84004102DI and 306023481DI*

Dear Mr. Hamilton:

The Court received your *pro se* Petition for Writ of Habeas Corpus on June 6, 2000.  Because the petition was somewhat inarticulate, the Court decided to gain the benefit of the State's position on your petition.  The State filed its opposition to your petition on June 22, 2000.

The Court has also received your letter, dated June 19, 2000, in which you assert that this Court violated the provisions of 10 *Del.C.* § 6906(a).  However, this statute pertains to the award and issuance of the writ after it has been determined that the petitioner is being illegally detained and should be released.  Because the writ was not issued in your case, this section does not apply.

The Court has carefully reviewed the record in your cases and concludes that the position taken by the State in its response is accurate and correct.  Because you are serving a lawful sentence, your Petition for Writ of Habeas Corpus is *denied*.

*It Is So ORDERED*.

_____
Judge Babiarz for Judge Barron

xc:

Stuart Drowos, Esquire
Prothonotary

A-52

D00321

SUPERIOR COURT
OF THE
STATE OF DELAWARE

NORMAN A. BARRON
JUDGE

DANIEL L. HERRMANN COURTHOUSE
WILMINGTON, DE 19801-3353

Submitted:  July 5, 2000
Decided:  July 10, 2000

Mr. Jerome K. Hamilton
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

   RE: *Petition for Writ of Habeas Corpus - CA No. 00M-06-011-NAB*
        *State v. Jerome K. Hamilton, ID Nos. 84004102DI & 306023481DI*

Dear Mr. Hamilton:

   The Court received your *pro se* Reply Affidavit in Opposition to Respondent's Motion to Dismiss regarding the above-captioned Petition for Writ of Habeas Corpus, filed with the Prothonotary on July 5, 2000.

   Upon review of your affidavit and a reassessment of the State's position, I conclude that the Court's conclusion in its order dated June 27, 2000 is appropriate.

   Your Petition for Writ of Habeas Corpus is *denied*.

   *It Is So ORDERED.*

Judge

xc:  Stuart Drowos, Esquire
     Prothonotary

D00320

A-53

August 2, 2000

Mr. Jerome K. Hamilton
Delaware Correctional Center
Smyrna Landing Road
Smyrna, DE 19977

   RE: *Petition for Writ of Habeas Corpus* - *CA No. OOM-06-011-NAB*
       *State v. Jerome K. Hamilton*, ID Nos. 84004102DI & 30602348DI

Dear Mr. Hamilton:

    This Court is responding to 2 *pro se* Petitions for Writ of Habeas Corpus, filed with the Prothonotary on July 13, 2000 and July 27, 2000 regarding the above-captioned criminal matters.[1]

    Both petitions for writ of habeas corpus are rejected because they fail to state a claim upon which such writ may be issued. The purpose of a writ of habeas corpus is to determine the legality of detention. *Olsen v. Anstreicher*, Del. Supr., 327 A.2d 603 (1974). Habeas corpus is available to determine the question of jurisdiction and the lawful power of the custodian to hold the petitioner in custody. *Biddle v. Board of Trustees*, Del. Super., 138 A. 631 (1927).

    The issue of illegal detention has already been decided in this case.[2] Your most recent petitions are *denied*.

    *It Is So ORDERED*.

                                C O P Y
                                   Judge

xc:  Prothonotary

---

   [1]The Court notes that both petitions are identical and only the date has been changed.

   [2]By order dated June 27, 2000, your petition was denied, and by order dated July 10, 2000, this Court denied your "reargument" of the June 27, 2000 order.

A-54

D00319

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

IN THE MATTER OF      :     CIVIL ACTION NO.

JEROME K. HAMILTON     :     00M-03-057   WCC
                                 :

## O R D E R

1.      On March 6, 2000 the petitioner filed a Petition for Writ of Mandamus requesting that the Department of Correction correct an error in the calculation of his good time credits. The petitioner asserts that such correction would result in his release from incarceration.

2.      The State has filed a Motion to Dismiss setting forth its position regarding the calculation of good time credits as well as a subsequent letter dated May 15, 2000 clarifying the calculation further.

3.      On August 2, 2000, Judge Barron determined, based upon the filings by the State, that Mr. Hamilton's Petition for Writ of Habeas Corpus should be denied as he was legally being held.

A-55

D00189

4.      Based upon the information contained in the pleadings in this matter, the Court also finds that it has no basis to grant the Petition for Writ of Mandamus as it appears that the Department of Correction has appropriately calculated Mr. Hamilton's good time credits, and he is legally being held consistent with the previous sentences of this Court.

5.      As a result, the Petition for Writ of Mandamus is hereby DENIED.

IT IS SO ORDERED this 15th day of August, 2000.

Judge William C. Carpenter, Jr.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

#131

CHARLES H. TOLIVER, IV
JUDGE

DANIEL L. HERRMANN COURT HOUSE
WILMINGTON, DELAWARE

September 23, 2002

Mr. Jerome K. Hamilton
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

FILED
PROTHONOTARY
2002 OCT -9 AM 8: 10

RE:    **Motion for Post-Conviction Relief**
**Cr. A. No. IN76-08-0906 - 0907**

Dear Mr. Hamilton:

The Court is in receipt of your motion for post-conviction relief filed with the Prothonotary on June 20, 2002. You allege that your sentence is illegal because your October 13, 1988 sentencing order states that the non-incarcerative portions of your sentence are to run concurrently, although your sentence contains no non-incarcerative portions. You also allege in several counts of your petition that the incorrect date of September 2, 1988 listed on your sentencing order has prejudiced you in some unidentified fashion. Unfortunately, I am unable to grant the relief you seek.

First, Superior Court Criminal Rule 35 provides that the Court may correct an illegal sentence at any time, and may correct a sentence imposed in an illegal manner within the time provided by the rule for the reduction of sentence. Rule 35 further provides that the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. In the instant case, your sentence was imposed on October 13, 1988. Your motion was not filed with this Court until June 20, 2002.

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY *Michael Matti*

A-57

D00127

Page Two
September 23, 2002
RE:   Motion for Post-Conviction Relief
       <u>Cr. A. No. IN76-08-0906, 0907</u>

That time period is clearly in excess of the 90 day limit.

Second, under 11 <u>Del</u>. <u>C</u>. §3901(d), "No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant." This rule mandates that the two periods of Level V confinement to which you have been committed must run consecutively. This Court does not feel that any minor misstatements on previous copies of your sentencing order render your sentence illegal pursuant to Rule 35.

Third, as for your allegation that you have been prejudiced by the incorrect dating of your sentence order as September 2, 1988, instead of the correct date of October 13, 1988, this Court finds it to be without merit. In addition to the fact that you provide no evidentiary support to indicate how you have been prejudiced by this clerical error, this Court is at a loss as to the relief that you seek in this regard. Although this Court may correct a sentence that is itself illegal at any time after sentencing, you have provided no legal or factual basis to support such a finding. In fact, your allegation that your sentencing order contained errors regarding non-existent, non-incarcerative portions of your sentence and the actual date of sentencing speak more to the manner in which your sentence was imposed, not the legality of the sentence itself.

Finally, this Court has responded on numerous occasions to your inquiries regarding your sentences. For your convenience I have attached copies of:

   1.  My August 14, 2001 letter to you stating that you were legitimately sentenced in late 1988;

A-58

D00128

Page Three
September 23, 2002
RE:    Motion for Post-Conviction Relief
         <u>Cr. A. No. IN76-08-0906, 0907</u>

2.    My October 18, 2001 response to your "Amended Motion for Relief Pursuant to Rule 36 Clerical Mistakes in Judgment"; and

3.    Mary Much's letter of July 5, 2001, which gives a very good explanation of the various dates that are found on the sentencing orders and docket sheets.

Please be advised, once and for all, that Level V sentences **must** run consecutively, not concurrently, pursuant to 11 <u>Del</u>. <u>C</u>. §3901(d). Therefore this Court will not be able to provide **any** relief that will result in your Level V sentences running concurrently.

A motion under Superior Court Criminal Rule 35 is addressed to the discretion of the Court.  <u>Shy v. State</u>, Del Supr., 246 A.2d 926 (1968). Since you have not grounded any of your allegations in a sound legal or factual basis, you have not demonstrated any entitlement to the relief sought.  Therefore, your motion must be, and hereby is, **denied.**

**IT IS SO ORDERED.**

Sincerely yours,

Charles H. Toliver, IV
Judge

CHT,IV/naa
Attachments
oc:    Prothonotary
cc:    Presentence

A-59

D00129



**M. JANE BRADY**
ATTORNEY GENERAL

# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

**PLEASE REPLY TO :**
New Castle County
302-577-8844

April 7, 2003

Hon. Charles H. Toliver, IV
Judge of the Superior Court
Superior Court of Delaware
New Castle County Courthouse
500 King St.
Wilmington, DE 19801

Re: *Jerome Hamilton*
Del. Supr. No. 576, 2002; Super. Ct. ID 84004102DI

Dear Judge Toliver:

I write regarding the February 24, 2003 order issued by the state supreme court in this case. The question, as the case has developed, is whether the seven year prison sentence imposed on the conspiracy count in October 1988 was ordered to run concurrently with or consecutively to the 25 year sentence for robbery. After a review of the various files in this case and the records of the Department of Corrections, the Attorney General is satisfied that the conspiracy sentence was ordered to run concurrently with the robbery sentence.

A-60

D00278

Hon. Charles H. Toliver, IV
April 7, 2003
Page 2

     If I can provide any other information in this matter, I am available at the Court's convenience.

                                      Sincerely yours,

                                      Loren C. Meyers
                                      Chief of Appeals Division

cc: Bernard O'Donnell, Esq.
    Prothonotary

A - 61

D00279

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

JEROME K. HAMILTON,                )
                                   )
        Defendant Below -          )
        Appellant,                 )
                                   )    No. 576, 2002
        v.                         )
                                   )    (Cr. ID. No. 84004102DI
                                   )    Cr. A. Nos. IN76-08-0906
                                   )              and 0907)
STATE OF DELAWARE,                 )
                                   )
        Plaintiff Below -          )
        Appellee.                  )

**RESPONSE TO ORDER OF REMAND**

This _16th_ day of May 2003, the record in the above-captioned reflects that on January 28 and February 24, 2003, the Supreme Court issued an Order of Remand directing this Court to reconsider its denial of the postconviction relief petition filed by the defendant/appellant pursuant to Superior Court Criminal Rule 61. That petition was filed with the Superior Court on June 20, 2002. That which follows is this Court's response.

A.62                                            D00173

## Nature of Remand

The Superior Court denied the defendant/appellant's petition on September 23, 2002. That decision was appealed. During the course of that appeal, based upon the position taken by the State and the unavailability of certain records, the matter was remanded to the Superior Court, in part, for reconsideration of the merits of the defendant/appellant's petition.

The essence of the defendant/appellant's claim is that the sentences imposed on him by Judge Martin on October 13, 1988 for the crimes of Robbery First Degree (IN76-08-0907) and Conspiracy Second Degree (IN76-08-0907), were to run concurrently effective January 28, 1977. While the defendant/appellant's release dates had originally been so calculated, it appears that the Department of Correction, in 1995 and/or 1996, recalculated the sentences being served by the defendant/appellant. The effect of the recalculations was to postpone the effective date of the sentences imposed by

2

A-63

Judge Martin until the expiration of the sentences imposed by then Superior Court Judges Stiftel and Longobardi respectively on May 28, 1976 and July 23, 1976, as opposed to January 28, 1977 as specified by Judge Martin. Judge Stiftel imposed a sentence of seven years imprisonment for the offense of Attempted Robbery First Degree (IN75-08-0180), and five years imprisonment for Burglary Second Degree (IN75-08-0181) to run concurrent with the attempted robbery charge. Judge Longobardi imposed a two year sentence on the charge of Attempted Theft (IN75-12-0279), to be served consecutively to Judge Stiftel's sentence on the attempted robbery and burglary charges. The impact of the recalculation was to extend defendant/appellant's sentence another nine years, and his "short term" or "conditional" release date (i.e., the term of imprisonment minus any credits determined due pursuant to 11 Del. C. §4348 & 4381), by approximately five years. On April 7, 2003, the State conceded that the defendant/appellant's argument on appeal was meritorious.

## Reconsideration of the Defendant/Appellant's Petition

Given the State's position and the direction from the Supreme Court, this Court has reviewed its September 23, 2002 order and determined that the defendant is entitled to the relief originally sought.   The sentences in question should therefore begin to run, and be calculated from, January 24, 1977.   Based upon that conclusion, the Department of Correction has been directed to recalculate the defendant/appellant's sentence as the Court has determined this appropriate.   See Exhibit A as attached and incorporated by reference herein.

Should the submission of additional information or other action be deemed appropriate, a further response shall be submitted immediately upon identification of the information and/or action in question.

A-65

D00176

Respectfully submitted,

Charles H. Toliver, IV
Judge, Superior Court


cc:  Bernard J. O'Donnell, Esq.
     Loren C. Meyers, Esq.
     Prothonotary
     Department of Correction

D00177

IN THE SUPREME COURT OF THE STATE OF DELAWARE

DELAWARE SUPREME COURT

2003 JUN 11 P 1:42

DEPUTY CLERK
WILMINGTON

JEROME HAMILTON,                    )
                                    )
        Defendant Below,            )
        Appellant                   )
                                    )
vs.                                 )    No. 576, 2002
                                    )
STATE OF DELAWARE,                  )
                                    )
        Plaintiff Below,            )
        Appellee                    )

COPY

OBJECTIONS TO
REPORT ON REMAND

1.    A Superior Court jury convicted Jerome Hamilton in October
1976 of first degree robbery, second degree conspiracy, and a weapons
offense.  Superior Court granted a post-trial motion for judgment of
acquittal on the weapons offense, but declared Hamilton an habitual
offender under 11 Del. C. §4214(b).  On direct appeal, Hamilton's
convictions were affirmed.  *Hamilton v. State*, No. 65, 1977 (Herrmann,
C.J.) (Del. July 31, 1978) (Ex. A).  In September 1985, Superior Court
vacated the habitual offender sentence on the strength of *Hall v.
State*, 473 A.2d 352 (Del. 1984).  Hamilton was accordingly resentenced
in April 1986 to 30 years for robbery and 7 years for conspiracy.  On
appeal, this Court ordered Hamilton to be resentenced.  *Hamilton v.
State*, 1987 WL 4687 (Del. Nov. 12, 1987) (Ex. B).  On October 13,
1988, Hamilton was resentenced by Superior Court, this time receiving
25 years for robbery and 7 years for conspiracy.  Hamilton then
appealed that sentence, but the appeal was dismissed.  *Hamilton v.
State*, No. 446, 1988 (Christie, C.J.) (Del. Apr. 12, 1989) (Ex. C).

A-67

2.  In June 2000, Hamilton applied for state habeas corpus, charging that the Department of Correction (DOC) had miscalculated his sentence, officials having instead determined that Hamilton should be serving a term of 43 years, not 34 years. (B1-4). DOC responded that the 34 year figure had been mistaken, two of Hamilton's sentences not being added in the calculation. (B17). Superior Court agreed with DOC, writing "that the position taken by the State in its response is accurate and correct." (B22). On Hamilton's appeal, this Court affirmed the Superior Court decision. *Hamilton v. State*, 769 A.2d 743 (Del. 2001).

3.  Undeterred, Hamilton in June 2002 moved, under Criminal Rule 35(a), to correct the sentence imposed (or more precisely, reimposed) by Superior Court on October 13, 1988. The motion was denied in September 2002. (B23-25). Hamilton then appealed that decision. The case was eventually remanded for further proceedings involving the transcript of the October 13, 1988 proceedings and reconsideration of the September 2002 order on Hamilton's motion to correct the sentence. Prosecutors agreed that the conspiracy sentence was ordered in October 1988 to run concurrently with the robbery sentence. (B26). In the meantime, Hamilton, now represented by the Public Defender, filed another state habeas petition, repeating the claim he had made in June 2000; that petition remains pending in the Superior Court. In an order dated May 16, 2003, Superior Court granted Hamilton's Rule 35(a) motion, ordering DOC to correct the sentence on the instant charges to reflect a commencement date of January 24, 1977. (B28-29). According

A-68

to Superior Court, "the State conceded that [Hamilton's] argument on appeal was meritorious."  (B32).

4.   In response to a rule to show cause, the Public Defender has written that notwithstanding the May 16 order, the appeal is not moot. On that narrow point, the State agrees with the Public Defender.  The latest decision of the Superior Court in this saga, however, rests on an incorrect factual premise.  Contrary to Superior Court's recitation that prosecutors in April 2003 had "conceded" the merits of Hamilton's position, prosecutors only acknowledged "that the conspiracy sentence was ordered to run concurrently with the robbery sentence."  (B26).

5.   The May 16 decision is also fundamentally at odds with the April 2001 decision of this Court. Indeed, this Court, addressing the same issue on which Superior Court has now granted relief to Hamilton, specifically wrote in 2001:

> The January 24, 1977 date has significance only because the Superior Court initially imposed its sentences for Robbery in the First Degree and Conspiracy in the Second Degree on that date. When the Superior Court modified this sentence on September 2, 1988, its sentencing order noted that the sentence was "effective January 24, 1977," but also noted that "[i]f the defendant is presently serving another sentence, this sentence shall begin at the expiration of such other sentence being served." As such, the January 24, 1977 date does not relate to when Hamilton was to begin serving his sentences.

769 A.2d at 746.  The disposition of the claim by this Court in 2001 constituted, for purposes of Hamilton's Rule 35(a) motion, the law of the case. *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998).  The Superior Court in its May 16 order articulates no reason to have come to a different conclusion than this Court had barely two years before.

A-69

D00234

And the Superior Court's decision is hardly defensible on the grounds that the State had made a concession on the issue when, in fact, the State had done no such thing. As a result, the Superior Court's decision is incorrect as a matter of law.

6. The Public Defender notes that in 1992 litigation involving Hamilton, DOC had taken the position that Hamilton's sentence was 34 years. But DOC explained in answering Hamilton's June 2000 state habeas petition (an explanation that Superior Court accepted) that the statements in the 1992 affidavits were incorrect because Hamilton's two prior sentences had been left out of the calculation. (B17). Moreover, Hamilton's effort to create an estoppel against the State on the point is contrary to Delaware law. *See McCoy v. State*, 277 A.2d 675, 676 (Del. 1971); *Hall v. Carr*, 692 A.2d 888, 892 (Del. 1997).

7. In light of the foregoing, the Superior Court order of May 16 is incorrect and the report on remand should be overturned. The May 16 order and the report on remand should both be vacated and the case remanded to Superior Court with instructions to dismiss Hamilton's June 2002 motion.

Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210

June 11, 2003

D00235

A-70

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.     )
CHEIKH AHMED ELOHIM,        )
                             )
        Plaintiff;      )
                             )
v.                         ) Civil Action No.
                         ) 04-1422 GMS
CATHY L. GUESSFORD, REBECCA   )
McBRIDE, ROBERT E. SNYDER,    )
THOMAS L. CARROLL, and STANLEY )
W. TAYLOR, JR.,            )
                         )
        Defendants.     )

        Deposition of ROBERT EUGENE SNYDER, JR.,
taken pursuant to notice at the Law Offices of Aber,
Goldlust, Baker & Over, First Federal Plaza, Suite
600, Wilmington, Delaware, beginning at 1:13 p.m. on
Tuesday, April 24, 2007, before Ann M. Calligan,
Registered Merit Reporter and Notary Public.

APPEARANCES:

        GARY W. ABER, Esquire
        ABER, GOLDLUST, BAKER & OVER
          First Federal Plaza - Suite 600
          P.O. Box 1675
          Wilmington, Delaware  19899-1675
          on behalf of the Plaintiff;

        MARC P. NIEDZIELSKI, Esquire
        EILEEN KELLY, Esquire
        DEPARTMENT OF JUSTICE
          Carvel State Office Building
          820 North French Street
          Wilmington, Delaware  19801
          on behalf of the Defendants.

          WILCOX & FETZER
   1330 King Street - Wilmington, Delaware 19801
            (302) 655-0477
            www.wilfet.com



WILCOX & FETZER LTD.
Registered Professional Reporters





A - 71

Robert Eugene Snyder, Jr. - Aber

3

1    A.    I started in the Department of Corrections at

2    the old jail, Prices Corner.  I worked for 37 years

3    and come up through the ranks to warden.

4    Q.    How long were you warden?

5    A.    Oh, 20, 25 years.  I can't remember them all.

6    Q.    Is it all -- I'll use the term Smyrna facility.

7    A.    Right.  No.  I was involved in all the

8    institutions directly or indirectly.  I opened up the

9    prison in Dover at the request of the commissioner at

10   the time and reprogrammed that.  I've been to Sussex

11   for about a year, year and a half, and handled some

12   security problems down there.

13   Q.    And how long were you the warden at --

14   A.    At DCC.

15   Q.    -- Smyrna?  I'll use Smyrna.

16   A.    Yeah.  DCC.  Approximately, I guess, 11 years,

17   10 to 11 years I was there.

18   Q.    From when to when?

19   A.    I want to say October -- it just slips my mind,

20   but it was about ten years.

21   Q.    When did you leave Smyrna?

22   A.    When I retired.

23   Q.    When was that?

24   A.    That was October the 1st, 19 -- no.  2001.

Robert Eugene Snyder, Jr. - Aber

10

1    A.    No.  No.

2    Q.    If the deputy warden has any question about the

3    grievances, do they ever come to you, ask for advice

4    on how to handle them?

5    A.    Not to my knowledge, no.

6    Q.    So when you got this letter, would you have

7    read it or just passed it on immediately?

8    A.    No.

9    Q.    When I say this letter, I mean Exhibit 1.

10   A.    Pardon me?

11   Q.    I'm referring to Snyder 1?

12   A.    Yeah.  No.  I would have not received this.

13   This -- this is simple fact of my secretary had seen

14   the grievance, she would have sent that directly to

15   the deputy warden.

16   Q.    And who is the deputy warden?

17   A.    Deputy Warden Burris.

18   Q.    And when she gets a grievance what does she do

19   with it?

20   A.    She works on the grievance with each -- meets

21   with the inmates.

22   Q.    When does the grievance committee come into

23   play?

24   A.    I don't know.  That's her role.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.          )
CHEIKH AHMED ELOHIM,                )
                                    )
            Plaintiff;              )
                                    )
v.                                  ) Civil Action No.
                                    ) 04-1422 GMS
CATHY L. GUESSFORD, REBECCA         )
McBRIDE, ROBERT E. SNYDER,          )
THOMAS L. CARROLL, and STANLEY      )
W. TAYLOR, JR.,                     )
                                    )
            Defendants.             )

        Deposition of THOMAS L. CARROLL taken
pursuant to notice at the Law Offices of Aber,
Goldlust, Baker & Over, First Federal Plaza, Suite
600, Wilmington, Delaware, beginning at 1:25 p.m. on
Tuesday, April 24, 2007, before Ann M. Calligan,
Registered Merit Reporter and Notary Public.

APPEARANCES:

            GARY W. ABER, Esquire
            ABER, GOLDLUST, BAKER & OVER
              First Federal Plaza - Suite 600
              P.O. Box 1675
              Wilmington, Delaware  19899-1675
              on behalf of the Plaintiff;

            MARC P. NIEDZIELSKI, Esquire
            EILEEN KELLY, Esquire
            DEPARTMENT OF JUSTICE
              Carvel State Office Building
              820 North French Street
              Wilmington, Delaware  19801
              on behalf of the Defendants.

            WILCOX & FETZER
    1330 King Street - Wilmington, Delaware 19801
              (302) 655-0477
              www.wilfet.com



WILCOX & FETZER LTD.
Registered Professional Reporters

A-74



Thomas L. Carroll - Aber

3

1    counselor and reclassification officer, a training

2    administrator, and warden of three separate

3    institutions.

4      Q.    And you are now warden at the Smyrna facility?

5      A.    The Delaware Correctional Center, yes, sir.

6      Q.    Everybody seems to want to say DCC rather than

7    Smyrna.

8              And you've been there since October 1st of

9    2001?

10     A.    Yes.

11     Q.    Are you familiar with Jerome Hamilton?

12     A.    Yes.

13     Q.    And how are you familiar with him?

14     A.    I've had interactions with Mr. Hamilton.  I'm a

15    named defendant in this lawsuit.

16     Q.    Other than being a named defendant in this

17    lawsuit, what interactions have you had with him.

18     A.    I think I probably interacted with him during

19    various times in the department.

20     Q.    Can you tell me --

21     A.    I do not recollect any specific conversation

22    I've had with him, but...

23     Q.    Did he ever raise with you the issue of how

24    long his sentence was?

**W&F**

**WILCOX & FETZER LTD.**

Registered Professional Reporters

A-75

Thomas L. Carroll - Aber

11

1    Would you agree?

2      A.    Yes.

3      Q.    Just so we are clear, Carroll 1 is -- the

4    actual date is December 31, but it's stamped received

5    in your office on January 3rd.  And Carroll 2 states

6    that you received the letter on January 3rd, 2002.

7    But we are talking about the same letter, are we?

8      A.    It would appear so, yeah.

9      Q.    Why would you have responded to Mr. Hamilton

10   concerning his grievance issue?

11     A.    Well, in reading -- in reading this

12   correspondence, it indicates, "Mr. Carroll, Warden, I

13   hope we can correct this error in real near future.

14   Thank you.  Jerome Hamilton, Shu 18/D."  So, if it's

15   an issue that involves sentence calculation, I would

16   have passed it along to the records supervisor.

17     Q.    What I'm trying to determine, I'm assuming you

18   got some letters from inmates concerning grievances.

19   How is it determined -- when do you determine that

20   you're going to deal with it personally or whether

21   your designee, the deputy warden will deal with it?

22     A.    Well, with all due respect, I see nothing --

23   the only thing you've shown me in Carroll 1 is a

24   document that makes a reference to an enclosed

**W&F**

A·76

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


JEROME K. HAMILTON, a.k.a.      )
CHEIKH AHMED ELOHIM,            )
                                )
            Plaintiff;          )
                                )
v.                              ) Civil Action No.
                                ) 04-1422 GMS
CATHY L. GUESSFORD, REBECCA     )
McBRIDE, ROBERT E. SNYDER,      )
THOMAS L. CARROLL, and STANLEY  )
W. TAYLOR, JR.,                 )
                                )
            Defendants.         )


            Deposition of STANLEY W. TAYLOR, JR.,
taken pursuant to notice at the Law Offices of Aber,
Goldlust, Baker & Over, First Federal Plaza, Suite
600, Wilmington, Delaware, beginning at 11:10 a.m. on
Wednesday, April 25, 2007, before Ann M. Calligan,
Registered Merit Reporter and Notary Public.

APPEARANCES:

            GARY W. ABER, Esquire
            ABER, GOLDLUST, BAKER & OVER
               First Federal Plaza - Suite 600
               P.O. Box 1675
               Wilmington, Delaware  19899-1675
               on behalf of the Plaintiff;

            MARC P. NIEDZIELSKI, Esquire
            EILEEN KELLY, Esquire
            DEPARTMENT OF JUSTICE
               Carvel State Office Building
               820 North French Street
               Wilmington, Delaware  19801
               on behalf of the Defendants.


            WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
            (302) 655-0477
            www.wilfet.com



**WILCOX & FETZER LTD.**
Registered Professional Reporters




A-77

Stanley W. Taylor, Jr. - Aber

11

1    A.   Those are two separate issues.  This appears to

2  be a letter to me from Mr. Hamilton that he believes

3  he's being held past his release date.  I don't recall

4  ever having seen this letter.  It's possible that it

5  came to my office.

6    Q.   Right.  I assume that there is a lot of mail

7  that you get.  I wouldn't expect you to remember it

8  today?

9    A.   Right.  The first question I heard you ask is

10  if I'm made aware of --

11    Q.   If somebody in your --

12    A.   -- a release error by my own staff.  That's an

13  entirely different matter.

14    Q.   And if Mr. Hamilton, as it appears, wrote to

15  you about that same situation, alleging that he had

16  been held beyond his release date, would that have

17  been a matter of concern to you?

18    A.   If I had received this letter, I would have

19  forwarded it to our records supervisory staff to

20  review the sentence calculation.

21    Q.   And should they then have responded to you?

22    A.   Not necessarily.

23    Q.   You would just leave it to them to take

24  appropriate action?

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a.k.a.,  )
CHEIKH AHMED ELOHIM,  )
                        )
        Plaintitff,  )
                        )
     v.                  )     C.A. No. 04-1422-GMS
                        )
CATHY L. GUESSFORD, REBECCA  )
MCBRIDE, ROBERT F. SNYDER,  )
THOMAS L. CARROLL, and  )
STANLEY W. TAYLOR, Jr.  )
                        )
        Defendants.  )

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Demand is hereby made for full and complete Answers to the following Interrogatories under oath within thirty days. These Interrogatories are continuing and require that supplemental responses be filed in accordance with the Federal Rules of Civil Procedure.

## INTERROGATORIES[1]

1)    With respect to each and every claim in your Complaint:

    (a)    Identify all facts that refute, relate to, or support your contention;

    (b)    Identify the specific behavior or conduct that you allege that each Defendant engaged in;

    (c)    Identify all persons with knowledge of such contention or facts;

    (d)    Identify all documents that reflect, refer to or relate to such contention or facts.

---

[1] Please submit additional pages, if necessary.

**RESPONSE**: Objection:  This interrogatory is not stated with the specificity required by the discovery rules in order to provide a full and complete answer. Without waiving such objection, the specific behavior of the defendants is as follows:

| | |
|---|---|
| Kathy Guessford: | Negligently maintained correctional records and miscomputed the plaintiff's sentence. |
| Rebecca McBride: | Negligently maintained correctional records and miscomputed the plaintiff's sentence, by continuing Guessford's errors. |
| Roberty Snyder: | Refused to correct errors of Guessford and McBride when requested by plaintiff. |
| Stanley Taylor: | Refused to enforce court orders directing that the plaintiff's sentence be properly calculated and/or to release him. |

Documents that demonstrate these facts appear at Bates Stamped Nos. 0001 to 0017.

2)    Identify all documents which you intend to offer into evidence at the trial of this matter.

**RESPONSE:** Objection: Identification of documents to be offered into evidence is done at the pretrial stage and not during discovery.

3)    Identify all persons having knowledge of the allegations in the complaint or answer whom you intend to call as witnesses at trial, excluding expert witnesses.

**RESPONSE:** Objection:  The identification of persons to be called as witnesses at trial, is to be done at the pretrial stage and not during discovery. With regards to persons having knowledge, the plaintiff suggests that all the named defendants have knowledge, the individuals who participated in grievance committees have knowledge, the Honorable Charles H. Toliver, IV has knowledge, Patricia D. Lifrak, M.D., as well as various personnel located in Governor Carper's office who received correspondence from the plaintiff.  In addition, the plaintiff may call an

Jerome K. Hamilton

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JEROME K. HAMILTON, a/k/a      )
CHEIKH AHMED ELOHIM,           )
                               )
        Plaintiff,             )
                               )
v.                             )    Civil Action No.
                               )     04-1422 (GMS)
CATHY L. GUESSFORD, REBECCA    )
MCBRIDE, ROBERT F. SNYDER,     )
THOMAS L. CARROLL, and         )
STANLEY W. TAYLOR, JR.,        )
                               )
        Defendants.            )

        Deposition of JEROME K. HAMILTON taken pursuant
to notice at the State of Delaware Department of Justice,
Carvel State Building, 820 North French Street,
6th Floor, Wilmington, Delaware, beginning at 9:35 a.m.
on Friday, May 11, 2007, before Robert Wayne Wilcox, Jr.,
Registered Professional Reporter and Notary Public.

APPEARANCES:

        GARY W. ABER, ESQ.
        ABER, GOLDLUST, BAKER & OVER
          702 King Street - Suite 600
          Wilmington, Delaware  19801
          for the Plaintiff,

        MARC P. NIEDZIELSKI, ESQ.
        EILEEN KELLY, ESQ.
        STATE OF DELAWARE DEPARTMENT OF JUSTICE
          820 North French Street - 6th Floor
          Wilmington, Delaware  19801
          for the Defendants.

                CORBETT & WILCOX
    230 North Market Street - Wilmington, Delaware 19801
                (302) 571-0510

          Corbett & Wilcox is not affiliated
          with Wilcox & Fetzer, Court Reporters

Jerome K. Hamilton

Page 49

1        A.    I disagree.

2        Q.    You disagree?

3        A.    Mm-hmm.

4        Q.    What is your max date?

5        A.    My max date was October 20th, '06.

6        Q.    In any event, you were actually released

7    before your max date?

8        A.    Yes.

9        Q.    Okay.  So what this was about, what your

10    complaints were about during this entire process, was

11    what your good time release date was.  Correct?

12                    MR. ABER:   Objection.

13        A.    My dispute was my overall sentencing orders

14    and my meritorial good time.

15        Q.    No.

16                    But my point was:  What you were talking

17    about in this lawsuit is when you're entitled to early

18    release.  Correct?

19                    MR. ABER:  Objection.

20        A.    Yes.  July 17, 1999.

21        Q.    As you understand, that's a conditional

22    release.  Correct?

23        A.    Correct.

24        Q.    In other words, when you get out, you're not

ea69bb3f-27a1-4e51-968e-0d198bfa22e2

A-82

Jerome K. Hamilton

Page 50

1    just free.  Correct?  You haven't served your entire

2    sentence, have you?

3         A.   Correct.

4         Q.   In other words, when you got out, you were

5    assigned a parole officer?

6         A.   Correct.

7         Q.   And you still go and see the parole officer.

8    Don't you?

9         A.   Correct.

10        Q.   When you were first assigned to come out, you

11   were assigned to a parole officer named Touhey.  Correct?

12        A.   It could have been.

13        Q.   All right.  Did Mr. Touhey meet with you on a

14   number of occasions after your release?

15        A.   Yes.

16        Q.   Did he offer to take you places and show you

17   things, get you identification and stuff like that?

18        A.   No.

19        Q.   He did not?

20        A.   No.

21        Q.   Did he offer to take you to the Delaware

22   Department of Labor to sign up for work?

23        A.   No.

24        Q.   He did not?

ea69bb3f-27a1-4e51-968e-0d198bfa22e2

A-83

### CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I electronically filed the *Appendix to Defendants' Opening Brief* with the Clerk of Court using CM/ECF, which will send notice to Gary W. Aber, Esquire.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Marc Niedzielski, ID #2616
Eileen Kelly, ID #2884
Deputy Attorneys General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
marc.niedzielski@state.de.us
eileen.kelly@state.de.us
Attorneys for Defendants